THE STATE *ex rel.* THE CITY OF TARKIO *v.* SEIBERT, *State Auditor.*

In Banc, June 6, 1893.

**Municipal Bonds:** ELECTION: AUSTRALIAN BALLOT SYSTEM. The Australian ballot law applies to elections in towns of the fourth class to determine as to the issue of bonds representing municipal indebtedness, and a special election for that purpose, conducted in conformity to the law formerly in force, but not in accord with the Australian law, is invalid.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*Kelley & Kelley* for petitioner.

(1) The Australian law is simply an amendment ingrafted upon the general election law directing the manner in which the election shall be conducted for the election of public officers, and perhaps the only provision in it which would be regarded as mandatory is that in relation to the ballots with the names of the candidates thereon, which declares that no other ballot shall be cast or counted. Revised Statutes 1889, sec. 4772. (2) Again, the law governing a special city election upon a proposition to become indebted, is a special law applicable to a special subject, while the Australian election law is a general one, and applicable only to the election of public officers. (3) The

Australian law at the time of the election in question, did not apply to elections in cities of less than 5,000 inhabitants, and the law of 1891 applying it to all precincts was not intended to extend it to a city election of this character. (4) Irregularities in an election will not invalidate it. McCrary on Elections, sec. 127; *Zeller v. Chapman,* 54 Mo. 502; *McPike v. Pen,* 51 Mo. 63.

*John M. Wood,* Attorney General, for respondent.

The election in question in this case was not properly held, because not conducted under the Australian ballot law. The latter law applies to an election like the one here presented, under sections 1581 and 1948 of Revised Statutes of 1889. Said law as amended in 1891 extends to all the election precincts in the state, hence, while it may have been the original intention that the Australian system should extend only to the election of public officers, yet under the provisions of sections 1581 and 1948, it is made to apply to an election for the purpose of incurring an indebtedness of the kind mentioned in the petition.

BARCLAY, J.—This is an original proceeding for a *mandamus* to the defendant, as state auditor, to require him to register certain bonds of the city of Tarkio. His refusal to register them raises the question of their validity, which is the only issue in the case. The sufficiency of the plaintiff's petition to warrant the issuance of a peremptory writ is disputed by defendant's demurrer, on which the cause is now submitted.

It appears from the petition that Tarkio is a city of the fourth class, governed by the general charter applicable to such cities. Revised Statutes, 1889, ch. 30, art. 5.

In November, 1891, the mayor and board of aldermen of the city adopted the following ordinance:

"Section 1. That a special election be held in said city on the first day of December, 1891, for the purpose of testing the sense of the voters on the following proposition: 'That said city become indebted to the amount of ten thousand ($10,000) dollars for the purpose of erecting a city hall and fire department, and equipping the same with necessary apparatus, and for other city improvements.' "

It was further enacted that the ordinance should take effect and be in force from and after its passage and approval.

Afterwards another ordinance was adopted, directing ballots to be printed for the special election, and prescribing that they should read thus:

"For increase of debt—yes.

"For increase of debt—no.

"Erase the clause you do not want."

Judges for the election were appointed by the mayor and aldermen, and, accordingly, the election was held December 1, 1891. It is not necessary to set out, particularly, the other steps taken in the matter of the election further than to say that they conformed substantially to the general law on that subject in force prior to the adoption of the ballot reform act of 1889 (Revised Statutes, 1889, ch. 60, art. 3, as amended; Laws, 1891, p. 133). But they did not conform to that act. On the contrary, they departed from it in very many substantial respects; indeed, to the full extent of its difference from the old law.

The returns of the special election show a poll of two hundred and thirty-five votes, of which two hundred and twelve were in the affirmative and twenty-three in the negative. This result was regularly published. In due course the bonds were prepared, and the usual steps toward their issue followed, until

the state auditor refused them registration, under section 847, Revised Statutes, 1889. Then this *mandamus* proceeding was begun.

It is conceded that the election mentioned was not conducted in accordance with the ballot reform law then in force, but on entirely different principles.

The claim is made that that law was not intended to apply to special city elections, such as that here in view.

By the terms of the first enactment introducing the Australian ballot system in Missouri, it was declared not applicable "to elections for public officers determined otherwise than by ballot, to a school, township or village election, when no state or county officers are to be voted for, nor to any special election held in only one county." Revised Statutes, 1889, sec. 4792. Or to cities and towns of less than five thousand inhabitants. Revised Statutes, 1889, sec. 4794.

But by the later law, which went into force in June, 1891, the exception based upon population was repealed, and section 4792 was amended so as to read as follows:

"Section 4792. This article shall not apply to elections for public offices determined otherwise than by ballot, to township or village elections, to school elections or elections of county commissioners of public schools, or elections of road overseers."

The particularity with which the exceptional classes of elections are enumerated, indicates plainly the legislative intent to apply the Australian system to those not excepted, including such elections as that in question now. The supreme court so held in the recent case of *Gaston v. Lamkin* (1893), 115 Mo. 20, in which a county election in July, 1891, to ascertain the public will concerning the creation of an indebtedness for building a court-house was adjudged

invalid because not conducted in substantial accordance with the "Australian ballot" law. That ruling is clearly decisive of the case at bar, and renders a discussion of the other points that have been raised unnecessary.

The demurrer to the petition is sustained, and the writ denied. BLACK, C. J., BRACE, GANTT, MACFARLANE, SHERWOOD and BURGESS, JJ., concur.