# The County of Union

## *v.*

## Martin V. Ussery *et al.*

*Filed at Mt. Vernon October 27, 1893.*

1. Election law—*domestic animals running at large.* The act of June 22, 1891, to regulate the manner of elections and to enforce the secrecy of the ballot, repeals the act of July 1, 1874, entitled "An act to revise the law in relation to permitting animals to run at large," in respect to the manner of conducting elections.

2. Same—*voting upon a public measure.* Since the passage of the act of 1891, a vote upon any public measure, such as allowing domestic animals to run at large, must be had in pursuance of section 16 of that act. The ballots must designate the measure to be voted on, and must contain the words "Yes" or "No," and the elector must designate his vote by a cross marked to the left of the word "Yes" or the word "No," as he may see fit to vote.

3. Same—*statute construed.* The words "or other public measure," following the words "whenever a constitutional amendment," etc., is proposed to be voted on, in section 16 of the Election law of 1891, are not limited to measures affecting the whole territory of the State.

4. Statutes—*rule of construction.* Where general words follow an enumeration of particular cases, such words will apply only to cases of the same kind as those expressly mentioned,—or, in other words, the

word "other," following an enumeration of particulars, embraces enumerated particulars of like nature only, unless a broader sense is obviously intended. A construction should not be given that will render the general words meaningless. All that is required by the rule is, that the general words be restricted to a sense analogous to the less general.

5. Where things inferior are enumerated, general words will not embrace those which are superior; but there is no authority for the converse of this rule.

APPEAL from the Circuit Court of Union county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Messrs. KARRAKER & LINGLE, for the appellant.

Messrs. CRAWFORD & DODD, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding-in the court below to contest an election on the proposition to allow domestic animals to run at large in the county of Union. The petition alleged, that at an election held on the 8th of November, 1887, a majority of the votes cast were for that proposition, and it thereupon became lawful for domestic animals to run at large in said county until the 5th day of November, 1891, when the board of canvassers for the general election held on the third of that month, at which the question was again voted upon, declared the majority of votes cast to be against it, which last election is alleged to have been irregular, illegal and void. The circuit court sustained the petition, and gave judgment accordingly, from which the county of Union appeals.

The fifth and sixth grounds of contest set up in the petition are as follows:

"*Fifth*—That none of the ballots counted by the judges of the said pretended election against domestic animals running at large could lawfully be counted, for the reason that none of said ballots had the official endorsement thereon required by law, and which is a condition precedent and mandatory,

and must be complied with before the ballot can be lawfully counted.

"*Sixth*—That all the ballots cast at said pretended election were illegal and void because they did not contain a clear statement of the proposition to be voted upon, nor the words 'Yes' and 'No,' and there were no places left in which the elector might indicate his choice; neither did the said ballots contain on the back or outside of the ballot a *fac simile* of the signature of the county clerk, as required by law as a condition precedent to their being counted."

To each of these the defendant filed a general demurrer, which the court overruled, and no further answer being made thereto, they were taken as confessed.

It appears that in addition to the general tickets provided by the county clerk, he furnished the judges in the several precincts others in this form: "Stock Law Ballot: For domestic animals running at large; against domestic animals running at large." Of these, 463 were cast with a cross to the left of the word "for;" 541 with a cross to the left of the word "against;" 363 with the words "against," etc., erased, and 402 with the words "for," etc., erased.

The circuit court sustained the fifth and sixth paragraphs of the petition, and held that the counting of all ballots on the proposition of animals running at large was unlawful,— that the election held on that subject was not held in accordance with the law of this State, and was therefore void. It also held, that if any of the ballots cast on that subject could have been lawfully counted, it would have been only those upon which the voter had indicated his choice by erasing the contrary proposition, which would have resulted in a majority of thirty-nine votes for allowing domestic animals to run at large.

The contention of counsel for appellant is, that nothwithstanding the act in force July 1, 1891, providing for printing and distributing ballots, for the nomination of candidates, to

regulate the manner of holding elections, and to enforce the
secrecy of the ballot at all elections, upon the question of per-
mitting domestic animals to run at large the ballots must still
be prepared and the election conducted in conformity with
the act in force July 1, 1874, entitled, "An act to revise the
law in relation to permitting animals to run at large." It is
clear that a large majority of the voters at the election in
question did not so understand the law, because they mani-
festly attempted to conform to the act of 1891, and if the
position insisted upon could be maintained, it would be im-
possible to escape the conclusion reached by the court below,
that their ballots could not be counted, leaving the result to
depend upon those in which the voter's choice was indicated
by erasures. It is admitted, however, that if, at elections
held on the subject of animals running at large since the act
of 1891, the ballots and conduct of the election must conform
to the provisions of that act, the judgment of the circuit court
should be affirmed, and we shall direct our attention to that
question only.

It can not be denied that the title of the election law ap-
proved June 22, 1891, is broad enough to include the regu-
lation and manner of holding elections on the subject in
question. It is, an act "to regulate the manner of holding
elections and to enforce the secrecy of the ballot." It is not
claimed that elections on domestic animals running at large
are excepted from the provisions of the act. Section 16 pro-
vides : "Whenever a constitutional amendment or other public
measure is proposed to be voted upon by the people, the sub-
stance of such amendment or other public measure shall be
clearly indicated upon the ballot, and two spaces shall be left
upon the margin, one for votes favoring the amendment or
public measure, to be designated by the word 'Yes,' and one
for votes opposing the amendment or measure, to be desig-
nated by the word 'No,' as the form herein given." Then
follows a form of the ballot, and the requirement that "the

elector shall designate his vote by a cross, marked thus (X)."
By section 35: "All acts and parts of acts inconsistent with
the provisions of this act are hereby repealed." If, therefore,
voting upon permitting animals to run at large in a county is
voting upon a public measure, within the meaning of section
16, that part of the act of 1874 which provides for the form
of ballots and manner of voting is expressly repealed.

But counsel for appellant say, the words "or other public
measure" must be limited to "like measures of equal breadth,
affecting like territory," with "constitutional amendments."
This position is based upon the maxim *ejusdem generis*, from
which is deduced the rule, that "when general words follow
an enumeration of particular cases, such words apply only to
cases of the same kind as those expressly mentioned," or,
stated in different language, the word "other," following an
enumeration of particulars, embraces enumerated particulars
of like nature only, unless a broader sense is obviously in-
tended. (*Harlow* v. *Tufts*, 4 Cush. 453.) As will be readily
seen, the rule invoked can not be made applicable to the
proposition stated by counsel. There is nothing in it which
authorizes the limiting of the language, "other public meas-
ures," to "like measures of equal breadth, affecting like ter-
ritory." "Like measures of equal breadth, affecting like
territory," would include only "constitutional amendments,"
rendering the words "or other public measures" meaningless.
All that is required by the rule is, that the general words be
restricted to a sense analogous to the less general. (Endlich
on Interpretation of Statutes, sec. 400; *Misch* v. *Russel*, 136
Ill. 22.) "Constitutional amendments" affect the rights of all
the people of the State. Analogous thereto are all authorized
changes in county, town and city governments. They are
public measures of the same kind. Where things inferior
are enumerated, general words will not embrace those which
are superior, but we know of no authority for holding the con-
verse of that rule of construction.

No authority is referred to, neither have we found any, to the effect that "public measure" means only a measure affecting the people of the whole State. The generally accepted meaning of the language is, measures interesting the public, as distinguished from those of private concern, only. Turning to the statute we find provision made for voting upon many questions of public interest in counties and smaller subdivisions of the State government, such as the alteration of county lines, the formation of new counties, the removal of county seats, uniting counties, issuing bonds, adopting township organization, etc. In all such cases the form of the ballot is given, as, for example, "For county bonds" and "Against county bonds ;" "For new county" and "Against new county ;" "For additional tax" and "Against additional tax." If, as contended, section 16, *supra,* can only be applied to elections on public measures directly affecting the people of the whole State, all these elections must still be by ballots in the old form, and this, we have no hesitancy in saying, was not the intention of the legislature in adopting our present system of "ballot reform." To so construe the statute would lead to confusion, and tend to defeat, in a measure, at least, its wise purposes. The fact that under section 3, chapter 8, the ballots "for" and "against" animals running at large are to be deposited in a separate box, is an additional reason for holding that section inconsistent with the provisions of the act of 1891.

We are clearly of the opinion that the election was irregular and void, in not conforming to the requirements of the act of 1891.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*