THE PEOPLE ex rel. State's Attorney

v.

HENRY COWDEN et al.

*Filed at Ottawa March 28, 1896.*

160 557
66a 140
160 557
181 527

160 557
189 ²624

160 557
192 ¹380

1. SCHOOLS—*Ballot law does not apply to school elections.* The act in force July 1, 1891, (Laws of 1891, p. 108,) known as the "Australian Ballot law," does not apply to school elections.

2. SAME—*election for or against township high school—what law governs.* An election to determine whether or not a township high school shall be established is properly held under the general School law, as amended in 1891, (Laws of 1891, p. 199,) and not under the general Election law of 1891, (Laws of 1891, p. 108,) known as the "Australian Ballot law." (*County of Union* v. *Ussery,* 147 Ill. 204, distinguished.)

APPEAL from the Circuit Court of Henderson county; the Hon. JOHN J. GLENN, Judge, presiding.

E. U. OVERMAN, State's Attorney, and GRIER & STEWART, for appellant.

KIRKPATRICK & ALEXANDER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an information in the nature of a *quo warranto,* against appellees, to oust them from the office of members of the township board of education in and for township 10, north, range 4, west, in Henderson county. It appears from the petition that at the April election for trustees of schools, in 1895, the proposition for or against establishing a township high school in said township was submitted to a vote of the people, resulting in a majority vote for the proposition. Defendants filed a plea to the information, setting up that they were subsequently duly elected to the office of members of the school board of said high school. A demurrer was filed to this plea, upon the ground that it failed to show that the proposition for or against the high school was voted upon in the manner provided by the act in force July 1,

1891, known as the "Australian Ballot law." The circuit court overruled the demurrer and dismissed the petition, and this is an appeal from that judgment.

The only question presented for our decision is, was the election, in pursuance of which the high school was established, illegal because not conducted under the amended general election law, entitled "An act to provide for the printing and distribution of ballots at public expense, and for the nomination of candidates for public offices, to regulate the manner of holding elections, and to enforce the secrecy of the ballot," approved June 22, 1891. It is insisted by appellant that no election on the question of establishing a high school can be legally conducted in any manner other than that provided by section 16 of the Ballot law, which is: "Whenever a constitutional amendment or other public measure is proposed to be voted upon by the people, the substance of such amendment or other public measure shall be clearly indicated upon the ballot, and two spaces shall be left upon the margin, one for votes favoring the amendment or public measure, to be designated by the word 'yes,' and one for votes opposing the amendment or measure, to be designated by the word 'no,' as in the form herein given: (then follows the form.) The elector shall designate his vote by a cross mark, thus (X)."

Turning to the provisions of the School law relating to the establishment of such schools, it appears from section 38, (3 Starr & Curtis, chap. 122, p. 1157): "Upon petition of not less than fifty voters of any school township, filed with the township treasurer at least fifteen days preceding the regular election of trustees, it shall be the duty of said treasurer to notify the voters of said township that an election 'for' or 'against' a township high school will be held at the said next regular election of trustees, by posting notices of such election in at least ten of the most public places throughout such township, for at least ten days before the day of such

regular election, which notices may be in the following form, viz."—(Here follows a form of the notice, and a proviso not material to be considered in this case.)   The next section (39) provides:   "The ballots for such election shall be received and canvassed as in other elections, and may have thereon the name of the person or persons whom the voter desires for trustee or trustees."   It is then further provided, (sec. 40,) that if a majority of the votes are for establishing a township high school, "it shall be the duty of the trustees of the township to call a special election on any Saturday within sixty days from the time of the election establishing the township high school, for the purpose of electing a township board of education, to consist of five members," etc.

That the election for trustees, at which alone the question of establishing a high school could be voted upon, could not legally be conducted under the Ballot law is manifest, because the first section of that act excepts from its operation trustees of schools, school directors and members of boards of education.   It is contended, however, on behalf of appellant, that, notwithstanding this fact, the proposition for or against a high school is a "public measure," within the meaning of section 16, *supra,* as construed in *County of Union* v. *Ussery*, 147 Ill. 204, and that it could therefore only be legally voted upon in conformity with that section.   The question here, however, is whether, in view of section 1 of the Ballot law and the foregoing provisions of the School law, it was the intention of the legislature to require the election for the establishment of a high school to be conducted under the former.   We think no such intention appears.   In the first place, no provision whatever is made in the Ballot law for providing ballots for such an election.   The 15th section of that act provides as follows:   "For all elections to which this act applies, the county clerks, in their respective counties, shall have charge of the printing of the ballots for all general elec-

tions, and shall furnish them to the judges of election. The city, town or village clerk shall have charge thereof and furnish them in all city· elections, and the town clerk in counties under township organization shall have charge thereof and furnish the same in all town elections to which this act applies." It further provides that the officer so charged with printing the ballots shall cause to be delivered a certain number of the same to the judges of elections, etc. No provision, here or elsewhere in the act, is made for printing and distributing ballots for school elections, and it is therefore clear that the legislature, by providing, as we have seen, for the printing and distributing of ballots "for all elections to which this act applies," manifested an intention that the act should not apply to school elections. A still clearer manifestation of this intention is shown by section 39, *supra*, of the School law, where it is expressly said that the ballots for such election,—that is to say, the election for or against the high school,—may have thereon the name or names of the person or persons whom the voter desires for trustee or trustees. It cannot be seriously contended that a proper ballot for the election of trustees of schools would, under section 1 of the Ballot law, be in conformity with the provisions of that act, and hence the legislature, by saying that the proposition for or against the establishment of a high school may be upon the same ballot upon which is the name of the person or persons whom the voter desires for trustee or trustees, has, in effect, said that an Australian ballot could not be used.in voting upon the proposition for or against the high school. In our view, by a proper construction of the foregoing provisions of the School law and the Ballot law they are not inconsistent, and hence the former is in no way repealed or affected by the latter.

We do not regard the case of *County of Union* v. *Ussery,* *supra,* as in conflict with this view. True, under that decision, whether or not a school township will establish

a high school may be a "public measure," within the meaning of section 16, *supra;* still, there appears a clear intention upon the part of the legislature that it shall be voted upon under the School law, and not under the Ballot law.

We are therefore of the opinion that the circuit court decided properly upon the sufficiency of the plea, and its judgment will accordingly be affirmed.

*Judgment affirmed.*