## CURRENT ET AL. *v.* LUTHER ET AL.

[No. 20,403. Filed November 29, 1904. Rehearing denied February 16, 1905.]

1. ELECTIONS. — *Township.* — *Railroad Aid.* — A township election, held for the purpose of deciding whether such township would grant a subsidy in aid of the construction of a railroad, is governed by the provisions regulating general elections, so far as the same are applicable. p. 256.

2. SAME.—*Township.*—*Railroad Aid.*—*Ballots.*—*Preparation of.*—The preparation and custody of the ballots for an election by a township to determine whether such township should grant a subsidy for the construction of a railroad belong to the county board of election commissioners, and an election held with ballots furnished by other persons is invalid and voidable. p. 256.

3. SAME.—*Township.*—*Railroad Aid.*—*Petition.*—A petition signed by twenty-five or more freeholders of a township, asking the board of commissioners of the county for an appropriation of a certain sum to be made by such township in aid of a certain railroad company to be constructed in such township, is sufficient. p. 257.

From Henry Circuit Court; *J. W. Headington,* Special Judge.

Petition by William J. B. Luther and others for an election to grant a railroad subsidy against which Henry L. Current and others remonstrate. From a judgment for petitioners, remonstrants appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Forkner & Forkner,* for appellants.
*William A. Brown* and *Robbins & Starr,* for appellees.

JORDAN, J.—More than twenty-five freeholders petitioned the board of commissioners of Henry county, at the June term, 1900, for an appropriation of $6,000 to be made by Stony creek township, in said county, under §5340 Burns 1901, Acts 1889, p. 82, to aid the Cincinnati, Richmond & Muncie Railroad Company in the construction of a railroad through that township. The board of commis-

sioners, after considering the petition, ordered that after giving the notice prescribed by §5342 Burns 1901, §4047 R. S. 1881, an election be held on June 14, 1900, at which election the question in respect to the appropriation be submitted to the qualified voters of that township. An election was held at said time, which resulted in the greatest number of votes cast at said election being in favor of the appropriation; the majority in favor thereof being nine. Appellants appeared before the board of commissioners and filed a written remonstrance whereby they assailed the sufficiency of the petition, and challenged and contested the validity of the election held as aforesaid. It is alleged in the remonstrance that said election as held on June 14, 1900, is illegal and void for numerous reasons, among which are the following, as specified and set forth in paragraph three of the remonstrance, under specification E, said reasons being substantially as follows: The printed ballots used and cast at the election held under the order of the board of commissioners on said day were not prepared and caused to be printed by the election commissioners of said county, but, on the contrary, they were prepared by other persons without any authority of law, and in violation of the statute. It is charged that there were election commissioners at said time, duly appointed and qualified, who were ready and willing to act in procuring the ballots for said election, but the agents and attorney of the railroad company in question caused said ballots to be printed in a county other than Henry county, under their own dictation and control, and then caused said ballots when so printed to be transmitted by their own agent to one of the petitioners herein, who secretly kept them in his office without any notice being given to the election officers; that he retained them in his office until the morning of the day of the election before he delivered them to the inspector of said election, although said inspector had called for said ballots before that morning. It is charged that the action of the aforesaid parties in

Current *v.* Luther.

regard to preparing, printing, and holding the possession of the ballots was had in violation of law, and for the purpose of gaining an advantage thereby. By other specifications in the third paragraph it is charged that voters were bribed to vote at said election in favor of said railroad appropriation. The board of commissioners, upon hearing the matters and things set forth in the petition and remonstrance, granted the prayer of the petition, and ordered that the appropriation be made, and accordingly levied a tax upon the taxable property of the township to create a fund for that purpose.

The remonstrators appealed to the Henry Circuit Court, wherein a demurrer was filed by appellees to the remonstrance, and to the several paragraphs and specifications thereof. It was sustained as to some, and overruled as to others. The cause was put at issue by a general denial filed in reply by appellees. Trial by jury; verdict in favor of appellees; judgment thereon granting the prayer of the petition, and ordering that the appropriation and levy be made accordingly. From this judgment appellants prosecute this appeal.

Counsel for appellants insist with much force and reason that the lower court erred in sustaining the demurrer to specification E of the third paragraph of the remonstrance. This specification, as hereinbefore stated, discloses that the ballots used by the voters in voting at the election in question were not officially prepared, or, in other words, they were not caused to be printed, kept, and delivered to the proper officers by the election commissioners as prescribed by the statute relative to elections.

Section 5343 Burns 1901, §4048 R. S. 1881, the same being section four of the statute authorizing public aid to railroads, provides that "the whole voting and taking and certifying shall be conducted as nearly as may be in the manner provided by law for conducting the voting and certi-

fying the votes at the general elections for state and county officers."

Turning to our general election law we find that §6258 Burns 1901, Acts 1889, p. 157, §62, provides: "Whenever any constitutional amendment or other question is required by law to be submitted to popular vote, if all the electors of the State are entitled to vote on such question, the state board of election commissioners shall cause a brief statement of the same to be printed on the state ballots, and the words 'yes' and 'no' under the same, so that the elector may indicate his preference by stamping [marking] at the place designated in front of either word. If the question is required by law to be voted on by the electors of any district or division of the State, the board or boards of election commissioners of the county or counties including or included in such division or district, shall cause similar provision to be made on the local ballots. In case any elector shall not indicate his preference by stamping [marking] in front of either word, the ballot as to such question shall be void and shall not be counted."

Section sixty-four of the election statute (§6260 Burns 1901, Acts 1889, p. 157) is as follows: "When any township or county holds an election at a time other than the time of a general election, such election shall be held in conformity with the provisions of this act, and all county and local officers who are required to perform any duties in connection with the general election shall perform the same duties in connection with such special or local election, subject to the same provisions and penalties herein prescribed in case of general elections."

By §6214 Burns 1901, Acts 1889, p. 157, §17, a board of election commissioners is created, and the duty enjoined upon it to prepare and distribute ballots for the election of officers to be voted for in such county other than those to be elected by all of the voters of the State.

By §6263 Burns 1901, Acts 1889, p. 157, §67, all laws or parts of laws inconsistent with the provisions of the act are repealed *pro tanto.*

The general election law of the state of Illinois contains provisions similar to those embraced in §6258, *supra,* relative to voting upon constitutional amendments and other public measures. In *Union County* v. *Ussery* (1893), 147 Ill. 204, 35 N. E. 618, the question was presented whether an election held by the voters of a county to determine whether domestic animals should be permitted to run at large must conform to the provisions of the general election law. The court held in that appeal that the election in question was irregular and void for the reason that it did not conform to the requirements of the statute pertaining to the holding of general elections.

In *State, ex rel.,* v. *Seibert* (1893), 116 Mo. 415, 22 S. W. 732, the court held that the Australian ballot law of Missouri was applicable to and controlled in elections held by towns to determine the question of issuing bonds, and must be followed, otherwise the election would be invalid. To the same effect is the holding of the court in *Gaston* v. *Lamkin* (1893), 115 Mo. 20, 21 S. W. 1100.

1. The question of making an appropriation by a township in this State in aid of the construction of a railroad is one which, under the provisions of §5341 Burns 1901, §4046 R. S. 1881, is required to be submitted to the popular vote of the particular township, and therefore clearly comes within the provisions of §6258, *supra;* and such election must be conducted in accordance with the provisions of the general election law, so far as the same can be made practicable.

2. Our statute governing elections was enacted in the interest of reform and purity of the ballot, and the entire scheme of the law contemplates and requires that in conducting elections thereunder, except as may be otherwise

provided, an official ballot, and none other, must be used by the voters in casting their votes. Such ballots are required to be prepared and distributed by the officials therein prescribed. The provisions of the law in regard to the preparation and distribution of ballots by the officers designated are clearly mandatory and must be strictly obeyed. *Parvin v. Wimberg* (1892), 130 Ind. 561, 15 L. R. A. 775, 30 Am. St. 254; *Conaty* v. *Gardner* (1902), 75 Conn. 48, 52 Atl. · 416; *Union County* v. *Ussery, supra; Attorney-General, ex rel.,* v. *McQuade* (1892), 94 Mich. 439, 53 N. W. 944. Of course, an election similar to, or like the one here involved, where, under the particular circumstances, there are provisions of our Australian ballot law which are plainly impracticable, exceptions may become necessary, and may in such cases be made. *Strebin* v. *Lavengood* (1904), 163 Ind. 478. If no board of election commissioners existed in Henry county when it became necessary to prepare the ballots for the election here in controversy, under the circumstances, it became the duty of the clerk of the circuit court to appoint two members of such board to serve in connection with the clerk in preparing and distributing the ballots for the use of the voters at the election as the law exacts.

3.    The petition presented to the board of commissioners is called in question by counsel for appellants. It may·be said, however, that it conforms to the provisions of the statute, and is clearly sufficient.

We do not deem it necessary to express an opinion upon other questions urged, for appellants' counsel concede that the cardinal question presented is as to whether the preparation and distribution of· the ballots by persons other than the officers prescribed by law render the election invalid and void. We are clearly of the opinion that by the use of the unauthorized ballots, as shown by the averments of specification E of paragraph three of the remonstrance, the elec-

tion in controversy is invalid and voidable, and should be set aside in this proceeding.

The judgment is accordingly reversed, and the cause remanded to the lower court for further proceedings consistent with this opinion.