CHARLES HAMILTON *et al.*

*v.*

THE STATE OF ILLINOIS, by John Craig, Inspector, etc.

*Filed at Springfield March 28, 1882.*

1. STATUTES—*rule of construction.* It is an established rule in the construction of statutes, that the intention of the law-giver is to be deduced from a view of the whole and every part of a statute taken and compared together, and the real intention, when ascertained, will always prevail over the literal sense of terms.

2. MINES—*statute relating to time for constructing escapements.* The act of 1879, relating to the health and safety of persons employed in coal mines, repealed all of the act of 1877 on the same subject, except such parts thereof as were retained and kept in force by the proviso to section 3 of the act of 1879, which section shows an intention not to change the then existing law which had prescribed a time within which escapement shafts should be constructed in mines which were in operation on the first day of July, 1877.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. W. R. WELCH, Judge, presiding.

Mr. C. A. WALKER, and Messrs. RINAKER & RINAKER, for the appellants.

Mr. ALEXANDER H. BELL, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for injunction, brought by the inspector of coal mines of Macoupin county, against appellants, who were operating a coal mine in which there was no escapement shaft.

It is alleged in the bill that the mine is operated by means of a shaft; that its depth is 330 feet; that it was in operation prior to July 1, 1877; that there were employed, as miners, in the mine, more than ten men; that there is no escapement shaft to the mine, nor any connection with any adjacent mine, or other means of entrance or exit except the one out-shaft. These allegations of the bill were admitted by the answer, and on the hearing a decree enjoining appellants from operating the mine was rendered as prayed for in the bill. On appeal to the Appellate Court this decree was affirmed.

There is no controversy between the parties over the facts in the record, the only question presented being one of law, and that depends upon the construction of sections 3 and 17 of "An act providing for the health and safety of persons employed in coal mines," approved May 28, 1879. Laws of 1879, p. 204.

In 1877 the legislature passed an act on the subject, the third section of which in substance provides, that "in all coal mines that are or have been in operation prior to the first day of July, 1877, and which are worked by or through a shaft, and in which more than ten miners are employed in each twenty-four hours, there shall be an escapement shaft, and the time allowed for the construction of same shall be one year, when the mine is less than 100 feet deep, two years,

when such mine is 100 feet in depth and under 300 feet, and three years, when it is over 300 feet and under 400 feet." This act went into force July 1, 1877, and under its requirement, as the mine in question was in operation when the act took effect, and as it was over 300 feet deep, the time to construct the escapement shaft would expire July 1, 1880.

It is, however, contended that this act was repealed by the act of 1879, referred to *supra.* The third section of that act is substantially as follows: "In all coal mines that are, or have been, in operation prior to the first day of July, in the year of our Lord 1879, and which are worked by or through a shaft, slope or drift, and in which more than ten miners are employed in each twenty-four hours, if there is not already an escapement shaft to each and every said coal mine, or communication between each and every coal mine and some other contiguous mine, then there shall be an escapement shaft for other communication, such as shall be approved by the mine inspector, making at least two distinct means of ingress and egress for all persons employed or permitted to work in such coal mine. Such escapement shaft, or other communication with a contiguous mine, as aforesaid, shall be constructed in connection with every vein or stratum of coal worked in such coal mine; and the time to be allowed for such construction shall be   *   *   *   three years, when it is over three hundred (300) and under four hundred (400) feet,  *   *   *  from the time this act goes into effect;  *   *   * and in all coal mines that shall go into operation for the first time after the first day of January, A. D. 1880, such an escapement shaft shall be constructed within one year after such mine shall have been put into operation. And it shall not be lawful for the owner, agent or operator of any such coal mine as aforesaid, to employ any person to work therein, or permit any person to go therein for the purpose of working, except such persons as may be necessary to construct such an escapement shaft, unless the requirements of this

24—102 ILL.

section shall·have first been complied with : * * * *Provided,* nothing in this section shall be construed to extend the time allowed by law for constructing escapement shafts."

Section 17 provides, that "all acts or parts of acts inconsistent with the provisions of this act, are and the same are hereby repealed." Under this repealing clause it is apparent that the act of 1877 was repealed, except such portions of the act as were retained and kept in force by the proviso to section 3.

It is an established rule, in the construction of statutes, that the intention of the law-giver is to be deduced from a view of the whole and every part of a statute taken and compared together. The real intention, when accurately ascertained, will always prevail over the literal sense of terms. Kent, vol. 1, p. 462.

The construction of the section of the statute is not entirely free from difficulty, yet upon a careful examination of the language used we are of opinion that the section was not designed to change the then existing law, which had prescribed a time within which escapement shafts should be constructed in mines which were in operation on the first day of July, 1877. Appellants' mine was between 300 and 400 feet deep, and under the act of 1877, the three years in which they were required to construct an escapement shaft would expire on the first day of July, 1880. In order to require appellants to be controlled by the act of 1877, and to leave that law in full force and effect, in so far as the time was concerned, the legislature, in enacting the third section of the act of 1879, added the proviso that nothing in the section should be construed to extend the time allowed by law for constructing escapement shafts. This proviso evidently referred to the law of 1877. It was the only law on the subject then in force, and the manifest intent was, when that law had fixed a time within which a shaft should be constructed, not to interfere with that law so far as extending the time was

concerned. No other construction can be placed upon section 3, unless the proviso is entirely rejected, which we do not think it is the province of courts to do. The proviso was added to section 3 of the act for a well defined purpose, and when that purpose can be discovered from an examination of the terms of the act, it is the duty of courts to place such a construction upon it as to carry out the intent.

We are of opinion that the judgment of the circuit court was right, and the judgment of the Appellate Court will have to be affirmed. ·

*Judgment affirmed.*