THE PEOPLE *ex rel.* William D. Lindsey, Collector,

*v.*

LEVIN Y. PALMER.

*Filed at Springfield March 30, 1885.*

1. TAXATION—*assessor's plats—whether necessary—in order to fix the character of real estate as land or town lots.* It is not necessary that real estate be laid out into lots, surveyed and platted as required by the statute relating to the laying out of towns or additions thereto, to determine its character under the Revenue law, as, whether it is to be treated as land or as a lot. It is rather the situation of the property, and the uses to which it is put, which determine its character in that regard.

2. The owner of a block of ground wholly within the limits of a city, containing about five acres, occupied the same as a residence, yard and garden, and a part for a pasture. The premises were surrounded on all sides by public streets of the city, and had been platted by the assessor into lots for the purposes of taxation. It was *held*, that the same should be treated as a city lot, under the Revenue law, though larger than ordinary lots, and that the understanding of the assessor and county clerk, and their treating it as land, could not be admitted as determining its character.

APPEAL from the County Court of Vermilion county; the Hon. DAVID D. EVANS, Judge, presiding.

Mr. C. M. SWALLOW, State's Attorney, for the appellant.

Messrs. MANN & FRAZIER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Vermilion county, refusing to give judgment for taxes against certain real estate upon an application of the county collector for such judgment. The case was heard upon an agreed statement of facts: That the plat annexed represented the situation of the premises in question; that the lots therein are subdivisions made by the assessor; that the streets thereon shown are streets of the city of Danville, in the county of Vermilion, and that said premises are within the corporate limits of said city; that directly north of the premises, and on the north side of North street, are two large residences; that directly east of them, and on the east side of Gilbert street, are four residences and a school house grounds; that on the west side of the premises, and on the west side of Mill street, is a public park, and that the premises are four blocks west of the public square in Danville; that they are occupied by the owner as a residence, and that he pastures two cows on such portion of the same as is not occupied by his residence, garden, barn-lot and door-yard; that the premises have never been platted and laid out into town or city lots by the owner; that they were assessed by the assessor of Danville township, at $9800; that the State Board of Equalization deducted three per cent from the equalized valuation of town and city lots in Vermilion county, and added five per cent to other lands in said county; that the county board, prior to such action of the State board, added seven per cent to the assessed valuation of other lands in Danville township, leaving the assessment of town and city lots unchanged; that the county clerk, in extending the taxes for the year 1883, calculated the same, so far as said premises are concerned,

upon the assessed valuation aforesaid, with the seven per cent added by the county board and the five per cent added by the State board, instead of deducting the three per cent,—in other words, the taxes were extended against the said premises as though they were not town or city lots, but lands other than town or city lots.

The only question presented by the record is, should the real estate in question be considered, for the purposes of taxation, as city lots, or lands? If city lots, then the county clerk should have extended the taxes upon the assessed value of $9800, less three per cent deducted by the State Board of Equalization. If lands other than city lots, the county clerk was justified in extending, as he did, the taxes on the assessed value of $9800, with the seven per cent added by the county board and with the five per cent added by the State board, and the county court should have given judgment against the same for the taxes as extended.

For the purpose of taxation the legislature has classified property, and provided that in the equalization by the county board, "it may consider lands, town or city lots, personal property and railroad property, (except 'railroad track' and 'rolling stock,') separately, and determine a separate rate per cent of addition or reduction for each of said classes of property, as may be necessary to a just equalization of the assessed value of said classes of property within the respective towns, and of the same between the several towns or districts in the county." And again: "Lands shall be equalized by adding to the aggregate assessed value thereof, in every county in which said board may believe the value to be too low, such rate per centum as will raise the same to its proper proportionate value, and by deducting from the aggregate assessed value thereof, in every county in which said board may believe the valuation too high, such per centum as will reduce the same to its proper value. Town and city lots shall be equalized in the same manner herein provided

for equalizing lands." The statute provides that whenever
the owner of lands shall wish to subdivide the same into two
or more parts, for the purpose of laying out a town or making
addition to any city, village or town, he shall cause the same
to be surveyed, and a plat thereof to be made by the county
surveyor, which plat shall particularly describe and set forth
all the streets, alleys, common or public grounds, and all in
and out-lots, or fractional lots or blocks, within, adjoining or
adjacent to the land so divided, giving the names, widths,
courses and extent of all such streets and alleys, and num-
bering all lots and blocks by progressive numbers, giving
their precise length and width,—which plat, acknowledged
by the owner, with the certificate of the owner, is to be re-
corded. And it is made a finable offence to lay out any town,
or make any addition to any city, or to survey the same, or
cause it to be surveyed, in any other manner than as thus
described.

It is said that the above is the only mode recognized by
our law of creating a town or city lot, and that therefore the
premises in question can not be such, as they were never
platted and laid out into town or city lots by the owner. We
regard this as a too strict construction—that it is rather the
situation of the property, and the uses to which it is put,
which should determine its character under this classifica-
tion of the statute, whether as a town or city lot, or land.
The property, here, is surrounded on all sides by streets of
the city, consists of $4\frac{88}{100}$ acres, and is used as a residence
by the owner. It is larger than an ordinary city lot, but not
larger than very well might be a block or out-lot, which, in
the contemplation of the statute, may be platted in the laying
out of a town. The property is in the city of Danville, and
we think it may properly be ranged in the class of city lots,
within the design and intention of this classification which
the statute makes, for the purposes of taxation. The mere
circumstance of its not having been laid out and platted as

a city lot, would not seem to be material. It was a city lot in fact, though not laid out and platted as such.

The statute provides, when lands are subdivided into parcels less than one-sixteenth part of a section, or in such manner that they can not be easily and properly described without noting the metes and bounds of such tracts, it shall be the duty of the assessor to cause the same to be surveyed, and the plat thereof to be recorded, on failure of the owner, on request, to do so. In accordance with this provision the assessor made a subdivision of the property into five lots, as appears by the plat referred to in the argument. The Revenue law requires that lands shall be listed in tracts, and in a proper column opposite each tract shall be stated the number of acres, but nowhere is there any requirement that opposite a city or town lot shall be stated its quantity; and opposite this property, as listed and assessed, in the column for "acres," the number of acres is stated. These facts are remarked upon as showing that the assessor treated the property as land, in platting it as land for the purpose of taxation, and then listing and assessing it as land, as is also the further fact that the county clerk recognized the property as land in adding the seven and five per cent, and extending the taxes against it as land. Of course the understanding of these county officials, and the way in which they treated the property, can not be admitted as determining its character.

We can not say that the county court erred in its ruling, and the judgment will be affirmed.

*Judgment affirmed.*

SCHOLFIELD, Ch. J., and SCOTT, J., dissenting.