## John W. Vance, President, etc., et al. v. Laura Rankin et al.

1. CITIES AND VILLAGES—*Disconnecting Territory—Owner Defined.*—The term "owner" as used in the act of 1879, authorizing the disconnecting of territory from cities and villages, is not confined to the holder of a fee simple title.    The evident purpose of the authors of that legislation was to provide a means for the holders of outlying territory to escape the burdens of municipal taxation and enjoy their lands free from the restrictions and regulations which municipal authorities may impose upon its citizens.

2. SAME—*Construction of the Statute Providing for the Disconnection of Territory.*—In the passage of the act providing for the disconnecting of territory from cities and villages (Laws of 1879, 77) the legislature did not intend to close the door to the remedy provided, against tenants for life and others holding estates less than a fee simple.

3. REAL ESTATE—*The Word "Owner" Defined.*—The word "owner" when applied to real estate is not confined to the holder of a fee simple title, and where the term is used in a statute, unless there is something in the statute to the contrary, the legislature will be understood as using the word in its popular sense.

Vance v. Rankin.

**Mandamus.**—To compel the passage of an ordinance disconnecting territory. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

**Statement.**—This is a petition for mandamus brought by appellees against appellants as the president and trustees of the village of Danvers, to compel them as such officers to pass an ordinance disconnecting the territory mentioned in the petition from the said village. The petition alleges that Laura and Luella Rankin are the owners of lots two, eight and nine in the subdivision of the northwest quarter of section twenty-four, town twenty-four north, range one west of the third principal meridian in McLean County; that the other appellees, The Peoria and Eastern Railroad Company and The Cleveland, Cincinnati, Chicago and St. Louis Railway Company are the owners of the railroad right-of-way extending across the northwest quarter of said section twenty-four, which right of way is known as lot number four of said subdivision. The petition further shows the ownership of lots five, six and seven in said subdivision to be in persons other than the petitioners, and alleges that the petitioners are the owners of a majority of the area of the land described in the petition, and that the same is wholly within the village of Danvers and is upon the border and within the boundary thereof, and is not laid out in city or village lots or blocks, and shows that the petition was presented to the president and board of trustees, praying that lots one, two, four, five, six, seven, eight and nine in the subdivision be disconnected from said village of Danvers, as provided by the statute, and alleges a refusal on the part of the president and trustees to pass an ordinance disconnecting said territory.

An answer was filed alleging:

First, that Laura and Luella Rankin are not owners in fee simple of lots two, eight and nine.

Second, that the Peoria and Eastern Railway Company is not the owner in fee simple of said lot four, with an averment that it has only the right of way over said lot for

railway purposes, and is not a proper petitioner under the statute.

Third, that the petitioners are not the owners in fee simple of a majority of the area of the land described in said petition.

Fourth, that the petitioners are not the owners of a majority of the area of the contiguous territory upon the eastern border and within the boundary of the said village of Danvers not laid out in city or village lots or blocks.

Fifth, that said lot two mentioned in the petition is not upon the border of the village of Danvers.

Sixth, that immediately north of the lands mentioned in the petition and contiguous thereto, there is a large tract of land, to wit, one hundred and sixty acres, upon the border and within the boundary of the said village, which is not laid out in city or village lots or blocks, and which tract of land is not mentioned in the petition, although the same should be treated and considered as a part of the same territory as the lands mentioned in the petition.

Seventh, that the lands mentioned in the petition are upon the east side of the village of Danvers, and that there is immediately north of said lands and adjoining the same and contiguous thereto, also upon the east side of the said village of Danvers, a tract of land, to wit, a tract of one hundred and sixty acres, which is not mentioned in the said petition but which is a part of the same territory. And when the same is considered a part of the same territory as the lands mentioned in the petition, the said petitioners have not a majority of the area of the said territory.

Appellees interposed a general demurrer to said answer, which was sustained by the court. Appellants elected to stand by their answer, and judgment was entered, awarding a peremptory writ requiring appellants to pass an ordinance disconnecting the territory as prayed for in the petition.

Welty & Sterling and Barry, Morrissey & Fifer, attorneys for appellants.

Frank Y. Hamilton, attorney for appellees.

Mr. Presiding Justice Harker delivered the opinion of the court.

It is insisted that the petitioners in an application to a city council or board of village trustees to have territory disconnected from the city or village must be owners in fee simple. We do not think the term "owner" as used in the act of 1879, which authorizes disconnecting territory from cities and villages, is confined to the holder of a fee simple title. The evident purpose of the authors of that legislation was to provide a means for the holders of outlying territory to escape the burdens of municipal taxation and enjoy their lands free from certain restrictions and regulations which municipal authorities may impose upon its citizens. We can not think that they intended to close the door to the remedy provided against tenants for life and all others holding an estate less than a fee simple. The word "owner," when applied to real estate, is not confined to the holder of a fee simple title, and, unless there is something in the act to the contrary, the legislature will be understood as using the word in its popular sense.

The substance of the contention based upon the fourth, sixth and seventh paragraphs of the answer, is that the petitioners have no right to disconnect unless they are the owners of a majority of the territory within the corporate limits, not laid out in lots and blocks, on the side of the village from which they are seeking to disconnect. In our view, the statute does not bear that interpretation. With equal propriety it could be contended that a majority of all adjacent territory within the corporate limits, not laid out in lots and blocks, must be owned by the petitioners, although such territory lay upon two, three, or even the four sides of the village. The language of the section in question is:

"That whenever the owners representing a majority of the area of land of any territory within any city or village, and being upon the border and within the boundary thereof, and not laid out into city or village lots or blocks, shall petition the city council of such city, or the trustees of such village, praying disconnection of such territory therefrom," etc.

The plain import of the language is that the petitioners may determine for themselves what territory they desire to have disconnected.

The petition presented to appellants fulfilled every statutory requirement. There is nothing set up in the answer to show that they were justified in refusing to pass the ordinance disconnecting the territory. Under the authority of Young v. Carey, 184 Ill. 613, the Circuit Court rightfully awarded the writ of mandamus, and the order will be affirmed.