## Jerome Gilbert et al. v. M. S. Morgan et al.

1. STATUTES—*An Established Rule of Construction.*—It is an established rule in the construction of statutes that the intention of the lawmakers is to be ascertained from a view of the whole and every part of the statute taken together and compared.

2. SAME—*Intention Prevails Over the Terms.*—The real intention of the law-makers when accurately ascertained will always prevail over the literal sense of the terms of a statute.

3. SAME—*Construction of the Statute Providing for the Disconnection of Territory from Cities and Villages.*—The provisions of the statute enabling the owners representing a majority of the area of any territory within an incorporated city or village, being upon the border and within the limits of the same and not laid out into city or village lots or blocks, to petition the city council of such city, or the president and trustees of such village, for the disconnection of such territory, was not intended to be restricted so as to benefit the owners of those tracts of land which actually touch upon the borders of the corporation, but to include any territory composed of contiguous tracts, a portion of which touches the border although the several parts of it may be owned by different persons.

4. CITIES AND VILLAGES—*Effect of Platting Lands for Taxation.*—The platting of tracts of land lying within an incorporated city or village for the purpose of taxation is not such a laying out into city or village lots or blocks as is contemplated by the statute authorizing the disconnection of territory, but is simply for the purpose of affording the assessor an opportunity to describe it without difficulty.

**Mandamus,** to disconnect territory, etc. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed October 8, 1901.

J. J. KIRBY and JOHN A. BUSSELL, attorneys for appellants.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The village of South Elgin is a municipal corporation, duly incorporated under the general laws of the State, providing for the incorporation of cities and villages. On April 12, 1900, appellee M. S. Morgan and about twenty-five others, claiming to be the owners representing a majority of the area of certain land upon the border and within the

boundary of said village, which was not laid out into city or village lots, filed their petition with the village clerk asking that the land of said petitioners, together with other lands in said petition described, be disconnected from said village in accordance with the statute in such case made and provided. The petition was accompanied by a certificate of the county clerk, showing that all village taxes or assessments due upon said lands, up to the time of the presentation of such petition, were fully paid. This petition was on August 20, 1900, rejected by the president and board of trustees of said village, whereupon appellees filed their petition in the Circuit Court for a writ of mandamus to compel appellants, as the president and trustees of said village, to disconnect said territory from the village. Appellants answered said petition admitting the incorporation of the village, the filing of the petition with the village clerk and the action taken thereon by the village board. They averred, however, that only a portion of the petitioners were the owners of land upon the border and within the boundary of said village, and that the premises owned by the other petitioners were not upon the border, for the reason that the lands of the first named petitioners, which actually touched the border of the corporation, intervened between the premises of the last mentioned petitioners and the border. The answer also alleged that the petitioners were attempting to disconnect certain lots of assessor's addition to said village, contrary to law. The other allegations of the petition were admitted. Appellees replied that while it was true that the lands of certain of the signers of the petition did not actually touch upon the borders of the corporation, for the reason that lands of other of said petitioners intervened between their lands and the boundary line of the corporation, yet notwithstanding that fact, appellees were entitled to the relief asked for in their petition. They further replied, admitting that certain of said lots were in assessor's addition to said village, but stated that said lots and blocks were simply assessor's plats made for the purpose of assessment; that they did not include

any streets or alleys, and that, notwithstanding such platting, they should be disconnected from said village with the other lands mentioned in the petition.   Appellants filed a general demurrer to the replication, which was overruled by the court and they abided by the same.   A jury was waived and the proofs submitted to the court.   The court found in favor of appellees and awarded a peremptory writ of mandamus to issue, commanding appellants to grant the prayer of the petition and to pass an ordinance disconnecting the territory described in the same.   From this judgment the village and its officers appealed.

It is admitted that the signers of the petition were the owners of a majority of the area of the territory sought to be disconnected and the only questions submitted for our consideration are whether those tracts of land included in the petition which do not actually touch upon the border or corporate limits of the village, can be legally disconnected under the petition; and whether a platting of lands for assessment purposes under the revenue act is such a division into village lots or blocks, as is contemplated by the statute under consideration.

1.   By their petition, appellees sought to avail themselves of the provisions of paragraph 206, chapter 24, Rev. Stat. (Hurd 1899, p. 294), which provides :

"That whenever owners representing a majority of the area of land of any territory within any city or village, and being upon the border and within the boundary thereof, and not laid out into city or village lots or blocks, shall petition the city council of such city or the trustees of such village praying the disconnection of such territory therefrom  *  *  *  the city council of such city or trustees of such village may, by ordinance to be passed by a majority of the members elected to such city council or board of village trustees, disconnect the territory described in such petition from such city or village," etc.

In the case of Young v. Carey, 184 Ill. 613, it was held that in such case the village board had no discretion, and that its only function was to see to it that the territory was located and the petition signed as the statute requires;

that if the petition states the proper facts and these facts are found to exist, the board must disconnect the territory. We do not think the provisions of the statute are intended to be restricted so as to benefit the owners of those several tracts of land which actually touch the borders of the corporation, but rather that it is intended to include any territory composed of contiguous tracts, a portion of which touches the border, although the several parts of it may be owned by different owners. To hold otherwise would be to hold that the territory could be disconnected if it was owned by one owner so that it would constitute a single tract, but that it could not be disconnected if owned by several owners and the holdings of all did not actually touch the border. For example, if A owned ten acres in a square form adjoining the border, his land could be disconnected from the village by proper petition; but if he had divided it into two five-acre tracts, one of which did not touch the border at all, and sold the latter to B, then he and B could not join in a petition together and cause the ten-acre tract to be disconnected. The language of the statute is not that the tracts of the several owners shall each be upon the border of the corporation, but that the "territory," a majority of the area of which is owned by the petitioners, shall be upon the border. Again, if the construction insisted upon by appellants should be given the statute, the benefits intended to be conferred could only be obtained by successive suits. First, those owning land adjoining the border could obtain their release by petition, and when that had been accomplished, parties owning next to them could be disconnected, and so on until all the owners of the territory of adjoining lands should obtain relief. But the law does not encourage a multiplicity of suits when the same object can be as satisfactorily attained in one suit.

"It is an established rule in the construction of statutes that the intention of the law-giver is to be deduced from a view of the whole and every part of a statute, taken and compared together. The real intention when accurately ascertained will always prevail over the literal sense of terms." Hamilton v. The State, 102 Ill. 367.

We are of opinion that the intention of the statute is to give relief upon the petition of the owners representing a majority of the area of land of any territory within the city or village upon the border and within the boundary thereof, regardless of the question as to whether the several tracts composing the territory each touch the border or not.

2. Is the platting of tracts of land for the purpose of taxation, such a laying out into city or village lots or blocks as is contemplated by the statute in question? We are of opinion that the object of the statute in providing for the platting of lands into lots, for taxation purposes, by the owner or proper officer, is simply for the purpose of affording the assessor an opportunity to describe it without difficulty.    Such seems to be the plain reading of the statute. The requisites necessary to legalize the division of tracts of land into city lots and blocks are not attached to surveyor's lots, nor are they shown to have been complied with in making the subdivision in question.    Our holding in reference to such subdivision, as above indicated, is not in conflict with the opinion of the Supreme Court in the case of The People v. Palmer, 113 Ill. 346, referred to by appellant, which holds that certain lots in assessor's subdivision should be treated as city lots under the revenue law, for the purposes of taxation.    We think the statute relied upon by appellees relates to lots and blocks regularly laid out according to law.

We are therefore of the opinion that the prayer of the petition for the mandamus was properly allowed and the judgment of the court below is accordingly affirmed.