American Community Builders, Inc. and The "A" Park Forest Company, Appellees, v. City of Chicago Heights, Appellant.

Gen. No. 44,680.

264

Opinion filed April 4, 1949. Released for publication May 17, 1949.

Russell & Bridewell, of Chicago, and Joseph J. McGrane, Corporation Counsel, City of Chicago Heights, for appellant; David A. Bridewell, John A. Cooke, Horace Russell, Joseph J. McGrane and Maurino R. Richton, all of Chicago, of counsel.

KLUTZNICK, BEBER & MILLER, of Chicago, for appellees; EUGENE H. DUPEE, JR., of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

The defendant city appeals from an order of the county court directing the disconnection of plaintiffs' land from the municipality.

This land consists of three tracts containing 40, 33 and 63 acres forming a rectangle in the southwest corner of the city. The westerly boundary is a section line and the south boundary a half section line. The west 33 feet of plaintiffs' tracts is part of Western avenue and the south 50 feet is part of 26th street. These are public highways. They were paved and are now maintained by the Cook county highway department with state aid. Plaintiffs own the fee to that part of their land included in these streets, subject to an easement for highway purposes running in favor of the general public. This proceeding is brought under section 7–42 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1947, ch. 24 [Jones Ill. Stats. Ann. 21.1233]), which provides for mandatory disconnection from the municipality "of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality, which (1) is not contiguous in whole or in part to any other municipality; (2) contains twenty or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality," upon the petition of the owner or owners of record of any such area of land. The one issue raised in the trial court and on this appeal is whether plaintiffs' tracts are subdivided into municipal lots and blocks and whether plaintiffs are the owners of record of the area sought to be disconnected within the meaning of section 7–42.

The case was submitted upon the pleadings (petition, answer and reply, including exhibits attached thereto), upon exhibits produced upon the trial and upon an agreed statement of facts. It was stipulated that the tracts were not subdivided into municipal lots and blocks by the filing of a plat, etc., as provided by statute. (Ill. Rev. Stat. 1947, Plats, ch. 109, secs. 1–10 [Jones Ill. Stats. Ann. 102.01–102.10].) Defendant insists that one of the tracts was, nevertheless, in fact actually subdivided. Plaintiff, American Community Builders, Inc., hereafter referred to as Community Builders, owned the 40 and 63 acre tracts sought to be disconnected, and, in addition thereto, 1,797 acres of vacant land lying immediately to the south and west of the land sought to be disconnected; eight subsidiaries of Community Builders owned 467 acres contiguous to the aforesaid property owned by Community Builders, but not involved herein. Plaintiff The ''A'' Park Forest Company, also a subsidiary of Community Builders, owned the 33 acre tract sought to be disconnected, hereafter called Tract 3; plans have been adopted for roads and dwelling units in 500 acres of the property owned by Community Builders and its associates, including only Tract 3 of the land sought to be disconnected; dwelling units are being constructed in parts of the 500 acre area, not including Tract 3; these dwellings will contain 3,010 rental units, to be offered for rent and not for sale; a roadway was laid out in Tract 3, curving north from 26th street, then east through Tract 3, then south back to 26th street. The work on this roadway consisted of rough grading, but all work on the roadway was discontinued in the fall of 1947. On August 25, 1947, Community Builders obtained a building permit from defendant for 61 multiple dwelling buildings, at an estimated cost of $1,912,000, to be constructed on Tract 3. Sanitary sewers and a ten-inch water line have been installed in the area to be disconnected. No connection between

these improvements and Tract 3 have been made. The improvements serve other areas of the Community Builders' and its subsidiaries' land, and could serve Tract 3 if connected. No other improvements have been made in the area to be disconnected. Plaintiffs have not commenced construction of the Tract 3 rental housing project—the only one of the housing projects of Community Builders and its subsidiaries which lies within the area to be disconnected—and, if the area involved in this proceeding is not disconnected, may never build the same.

 The city's Exhibit D, attached to the agreed statement of facts, is the plat upon which defendant relies as subdividing Tract 3 into municipal lots and blocks. It fails to meet the requirements of the statute regulating the subdivision of municipal property. (Chap. 109, secs. 1–5 [Jones Ill. Stats. Ann. 102.01–102.05].) Section 1 requires that the property be surveyed and a plat thereof made by the surveyor; that the plat "shall particularly describe and set forth . . . all the tracts, parcels, lots or blocks, and numbering all such lots, blocks or parcels by progressive numbers, giving their precise dimensions." Section 2 requires that "The plat having been completed, shall be certified by the surveyor and acknowledged by the owner of the land, or his attorney duly authorized," and that the certificate of the surveyor and of acknowledgment, together with the plat, shall be recorded. Section 5 fixes a fine of $25 for each lot or block or part thereof disposed of, offered for sale or leased for any time exceeding five years "before all the requirements of this Act have been complied with." In speaking of the map or plat defendant says, "The location of the buildings has been thereon indicated as well as the roadway and utility services." The map shows nothing more. There is nothing on it to indicate the division of Tract 3 into lots or blocks or giving their dimensions. The access roadway heretofore

mentioned separates the tract into two irregular parcels, having no resemblance whatever to a municipal lot or block and which can be described only by metes and bounds. There is no certificate of the surveyor or acknowledgment of the owner, and, as stipulated by the parties, it was never recorded. The requirement that a plat be recorded is as obligatory as the other requirement that it be acknowledged and certified by the proper parties, for, as said in *People ex rel. Kochersperger v. Clifford,* 166 Ill. 165, 170: ''At any time before the recording of the plat, and even after its approval by the board of trustees, the owners have a right to withdraw the plat of the subdivision, or to make another subdivision of the land.'' The two statutes, one relating to the disconnection of land from a municipality and that governing the subdivision of property within a municipality, have long been in force, the latter statute antedating the former. It must be presumed that in speaking of subdivision into municipal lots and blocks, the legislature had in mind the statutory subdivision long provided for. In denying the city's contention that subdivision of city property by the assessor under the Revenue Act for taxation purposes was not a division of the property into city lots and blocks within the meaning of the statute relating to the disconnection of property from a municipality, the court in *Gilbert v. Morgan,* 98 Ill. App. 281, said: ''The requisites necessary to legalize the division of tracts of land into city lots and blocks are not attached to surveyor's lots, nor are they shown to have been complied with in making the subdivision in question. . . . We think the statute relied upon by appellees relates to lots and blocks regularly laid out according to law.'' There is no evidence here of the sale or leasing of any land within Tract 3 or of established usage of open streets, alleys, etc., in the tract to create an estoppel against plaintiffs to deny the subdivision of the property, as in the following cases cited and

principally relied upon by defendant. *Village of Riverside v. MacLain,* 210 Ill. 308; *Alden Coal Co. v. Challis,* 200 Ill. 222 and *Mann v. Bergmann,* 203 Ill. 406. Neither is there any evidence in the record of an actual subdivision of Tract 3, or of any necessity for such subdivision. The project of Community Builders and its subsidiaries, as disclosed by this record, was a development and rental project. Neither the property nor any improvements thereon were to be sold. All development within the area, including the construction of the buildings, was to be done by the promoters of the project and none were to be offered for sale. The procurement of building permits for dwelling units to be erected on Tract 3 imposed no obligation upon the owner of the tract to erect the buildings, and there is no evidence of any steps taken toward that end. The court did not err in holding that plaintiffs' land had not been subdivided into municipal lots and blocks.

██ Defendant's further contention that its easement, as trustee for the public, for highway purposes in the public streets adjoining the property sought to be disconnected on the south and west, makes it an owner of the property who should join with the owners of the fee in the petition for disconnection, is also without merit. Acknowledgement of defendant's position would defeat the purposes of the statute in all cases where, as here, the limits of the city were public streets. The easement of the city is merely an incident to the incorporation of plaintiffs' property within the city limits. The disconnection of plaintiffs' property would necessarily destroy the easement. The purpose of the statute, as stated in various cases (*Punke v. Village of Elliott,* 364 Ill. 604; *Woodward Governor Co. v. City of Loves Park,* 335 Ill. App. 528; *Wolbach v. Village of Flossmoor,* 329 Ill. App. 528; *Vance v. Rankin,* 95 Ill. *App.* 562), is to permit property not being used for city purposes at the time, to be disconnected from the municipality and the burdens of city taxation and regula-

tions avoided. The city is not a taxpayer but a tax-eater, and its easement in the portions of plaintiffs' property devoted to highway purposes should not be permitted to defeat the purposes of the statute.

The judgment is affirmed.

*Affirmed.*

FEINBERG, P. J., and TUOHY, J., concur.