In the Matter of the Petition To Disconnect Certain Territory from the City of Palos Heights.
The Metropolitan Sanitary District of Greater Chicago, a Municipal Corporation, Jerry Rooda, Edith Rooda and Alfonso Fezzo, Petitioners-Appellees, v. City of Palos Heights, a Municipal Corporation, Objector-Appellant.

Gen. No. 48,132.

First District, First Division.

May 8, 1961.

Herbert R. Stoffels and Warren L. Swanson, of Chicago, for appellant.

337

George A. Lane, of Chicago, for petitioner-appellee, the Metropolitan Sanitary District of Greater Chicago, and Hoffman & Davis, of Chicago, for petitioners-appellees Jerry Rooda and Edith Rooda.

MR. JUSTICE BURMAN delivered the opinion of the court.

This appeal is from a judgment of the County Court permitting petitioners to disconnect certain territory from the City of Palos Heights, Illinois, under the applicable provisions of the Cities and Villages Act, Ill. Rev. Stat. Ch. 24, § 7–39a (1959).

The City of Palos Heights is located in the southwesterly portion of Cook County. It is shaped approximately like a broad, squat letter "T". The north side of the city constitutes the top of the "T" and is chiefly made up of Sanitary District property. The northern boundary of the city is the northern boundary of the Sanitary District right-of-way through this area, and the District's Calumet-Sag Channel passes from east to west through the length of the cross-bar of the "T". The petition to disconnect involves almost all of the Sanitary District property between the channel and the northern boundary of the District's right-of-way except for a strip of land at the western end of the Palos Heights portion of the right-of-way.

The petition was filed pursuant to the provisions of § 7–39a, which provides for the disconnection of land from a newly organized municipality. The statute provides that land may be disconnected from a municipality within one year of its incorporation upon petition to the County Court signed by a majority of the electors residing on the territory, a majority of the owners of record of land in the territory, and also representing a majority of the area of land in such territory. The statute requires that the territory (1) be not less than

338

twenty acres; (2) be upon the border, but within the boundary of the municipality; (3) if disconnected, must not result in the isolation of any part of the municipality from the remainder of the municipality; and (4) if disconnected, must not be wholly bounded by one or more municipalities or by one or more municipalities and a river or lake. If the County Judge shall find that all the conditions of the statute are met, he shall enter an order disconnecting the territory.

The petition was filed on December 22, 1959, within one year of the incorporation of Palos Heights on April 16, 1959. It was signed by Jerry Rooda, Edith Rooda and Alfonso Fezzo, as the majority of the electors residing in the property in question, and by the Metropolitan Sanitary District of Greater Chicago, a municipal corporation, as the sole owner of record. The involved area consists of a strip of land over a mile long and about two blocks wide, containing over 200 acres. The County Court found that all the conditions of the statute were met, and ordered the disconnection.

The main question is whether the City in annexing property on November 10, 1959, owned by the Schutt family, defeated petitioners' right to disconnect by reason of the fact that their petition was filed on December 22, 1959, after the annexation. Article 7 of the Cities and Villages Act, Ill. Rev. Stat. Ch. 24, § 7–1 through § 7–50 (1959), deals with annexations and disconnections and empowers municipalities to annex certain adjoining areas. The territory annexed must be contiguous to the municipality. The owner of land adjoining and contiguous to the municipality may petition the city council for its annexation. The Schutts own and occupy a rectangular plot with an area of between one and two acres, adjacent to the northern boundary of the Sanitary District property involved

339

in this disconnection at the northeast corner of Palos Heights. It was described by the Mayor as a "no man's land" between the Village of Worth and the City of Palos Heights. The Schutt property is so situated that if petitioners' lands were disconnected no part of it would be contiguous to Palos Heights.

The only evidence that throws light on the Schutt annexation and events leading up to the filing of the petition was the testimony of Z. Erol Smith, Mayor of Palos Heights, who was called by petitioners as an adverse witness under Ill. Rev. Stat. Ch. 110, § 60 (1959). The Mayor testified that the City was incorporated to obviate the probability of heavy industrial development, and that the lessees of the property sought to be disconnected fought the incorporation. Since that time, the Mayor testified, the City has done everything to prevent this disconnection. The Sanitary District was a necessary party to any petition for disconnection.

The Mayor first asked the Sanitary District to withdraw the filing of a disconnection petition back in April. Withholding the filing of the petition was often discussed with the District Trustees in an attempt to avoid a long involved court case and work out their differences.

Early in November, 1959, after many phone calls between the parties, a meeting was arranged to take place on November 12th. The Mayor testified, "To the best of my recollection, the purpose of the meeting was to discuss the merits of a disconnection . . . to determine whether or not problems between the leaseholders and the City of Palos Heights could not be worked out without a disconnection." About the time the November 12th meeting was to be held, Mayor Smith testified that he talked to a great number of people in the City Council on the subject of whether or not the annexation of the Schutt parcel might serve to pre-

340

clude disconnection of the Sanitary District tract from the City of Palos Heights. After this discussion he sought out the Schutt family about the first of November, to discuss annexation of their land, and met with them for the first time on Monday, November 9, 1959, at which time he obtained their consent to annexation. On the following day ordinances were passed by the City Council of Palos Heights, annexing three parcels, including the Schutt property. The Mayor filed copies of the ordinances with the office of the Recorder of Deeds of Cook County on his way to the meeting with the petitioners on November 12. He said that he was not asked about any annexation at this meeting, and he volunteered no information concerning it. At this meeting Palos Heights was represented by him as Mayor, the City Attorney, several engineers, and one of the aldermen. There were present a number of Sanitary District Trustees and the attorneys for the petitioners. Zoning difficulties, as well as problems regarding the furnishing of certain municipal services, were discussed. He said that at this meeting he asked them to withdraw and withhold filing of such a proceeding. "They said they would not file anything because they were turning it back to the committee. . . . I asked them to withdraw it." On December 22, 1959, the present petition to disconnect was filed.

The trial court held that the City was estopped from raising the Schutt annexation because of the Mayor's conduct in bringing the annexation about and in causing the petitioners to delay filing the disconnection proceedings.

The purpose of the disconnection statute is to grant relief to taxpayers in the disconnected area and to permit property not being used for municipal purposes to avoid the burdens of municipal taxation and regulations. American Community Builders, Inc. v. City of Chicago Heights, 337 Ill. App. 263, 85 N.E.

341

2d 837; 8 I.L.P, Cities, Villages, and Other Municipal Corporations § 44 (1954). Disconnection statutes should be construed liberally to facilitate disconnection and to serve the legislative purpose. Woodward Governor Co. v. City of Loves Park, 335 Ill. App. 528, 82 N.E.2d 387; Wolbach v. Village of Flossmoor, 329 Ill. App. 528, 69 N.E.2d 704. The disconnection act should be given a sensible, intelligent, and reasonable meaning. In re Petition for Disconnection of Certain Territory from Village of Mount Prospect, 341 Ill. App. 272, 93 N.E.2d 578.

██ We think the unusual circumstances in this case support the trial court's finding that the City through its officials procured the delay in the filing of this petition until it could rush through the annexation of the Schutt property. We think the Mayor's testimony was admissible to enable the court to protect the exercise by petitioners of their right to avail themselves of the legislative purpose evidenced by the disconnection statute.

██ The courts of our State have held that municipal corporations may be prevented from asserting a public right when, due to the municipality's own actions, its assertion would be unjust. Martel v. City of East St. Louis, 94 Ill. 67; Chicago R. I. & P. R. R. v. City of Joliet, 79 Ill. 25. In general, the question is to be determined from all the circumstances of the case, and the public will be estopped or not as right and justice may require. Melin v. Community Consol. School District No. 76, 312 Ill. 376, 144 N.E. 13.

In Webster v. Toulon Tp. School District No. 4, 313 Ill. 541, 145 N.E. 118, the court found the District's conduct had prejudiced the appellees and lulled them into not invoking any other remedy at law, and that the District was therefore estopped from asserting the invalidity of a prior disconnection. This case is particularly applicable here, where petitioners were per-

suaded to delay in exercising their right to disconnect by the Mayor's plea to discuss it first, with a view to reaching an amicable settlement without going to court. In the meantime, the Mayor himself was soliciting the annexation of the Schutt property, and now claims this annexation prevents compliance with the disconnection statute by petitioners. We agree with the trial court that the City should be estopped from gaining any advantage over petitioners through its annexation of the Schutt parcel under these circumstances.

■ We are not passing on the annexation ordinance and therefore need not decide whether the trial court erred in receiving testimony as to the motives of the city officials. Even if inadmissible, there is a presumption that the court's decision rested only on competent evidence, and there is sufficient competent evidence to support the judgment.

■ The City next contends that petitioners introduced no evidence that, if disconnected, the territory would not be wholly bounded by one or more municipalities or by one or more municipalities and a river or a lake. This is a requirement under the disconnection statute. The Mayor described the Schutt parcel as an unincorporated area prior to its annexation. The testimony of the Superintendent of the Cook County Map Department, we think, provided the testimony that the property sought to be disconnected was, prior to the Schutt annexation, on the border of the City and not within the prohibition of the statutory requirements. We think the principal requisites required for disconnection under the statute as stated by our Supreme Court in Anderson v. City of Rolling Meadows, 10 Ill. 2d 54, 139 N.E.2d 199, were fulfilled.

The appellant has made other contentions, but we deem it unnecessary to discuss them. The County Judge's conclusions that the disconnection require-

343

ments have been satisfied is supported by the evidence.

For the reasons stated above, we hold the County Court properly ordered petitioners' property to be disconnected.

Affirmed.

KILEY, P. J. and MURPHY, J., concur.