*In re* PETITION TO DISCONNECT TERRITORY FROM A PARK DISTRICT KNOWN AS YORK CENTER PARK DISTRICT.—(CHARLES F. KOVANDA, SR. *et al.*, Petitioners-Appellees, *v.* YORK CENTER PARK DISTRICT Du Page County, Respondent-Appellant.)

(No. 74-21; ▮▮▮▮▮▮)

Second District (2nd Division)—July 8, 1975.

Lloyd E. Dyer, of Donovan, Atten, Mountcastle, Roberts & DaRosa, of Wheaton, for appellant.

Nadelhoffer, Hennessey, Dommermuth & Brestal, of Naperville, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

The petitioners herein are a group of homeowners owning real estate in an unincorporated area of Du Page County within territory organized as York Center Park District, all being on the border of said District. The petition to disconnect was brought under section 3—6b of the Park District Code (Ill. Rev Stat., 1971, ch. 105, § 3—6b). The only dispute was

whether the land had been subdivided into municipal lots and blocks. The Circuit Court of Du Page County found that the land was not so subdivided and entered an order allowing disconnection. The Park District appeals.

On appeal both parties agree that petitioners met all other requirements of the disconnection act and that the sole issue in this case is whether the subject land has been "subdivided into municipal lots and blocks."

The plats of the real estate owned by petitioners were assessment plats. Such plats are made pursuant to section 26a of An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1971, ch. 34, § 433) for taxation purposes in order that metes and bounds descriptions may be avoided and the property more easily located and described by the taxing authorities. At one time, township assessors had the power to cause similar plats to be made and recorded. See *People v. Reat* (1883), 107 Ill. 581, 585.

The phrase "is not subdivided into municipal lots and blocks" has long been one of the requirements for disconnection from cities and villages. (Ill. Rev. Stat. 1971, ch. 24, § 7—3—6(3).) In *Gilbert v. Morgan* (1901), 98 Ill.App. 281, 285, an issue was whether a platting of lands for assessment purposes (assessors plat) was such a division into village lots and blocks as contemplated by the statute. The court found it was not, holding that the statute relates to lots and blocks regularly laid out according to the statute on plats (Ill. Rev. Stat. 1971, ch. 109).

In *American Community Builders, Inc. v. City of Chicago Heights* (1949), 337 Ill.App. 263, the court pointed out that the subdivision of municipal property was regulated by the plats statutes (Ill. Rev. Stat. 1947, ch. 109, §§ 1—5); that the two statutes, one relating to the disconnection of land from a municipality and that governing the subdivision of property within a municipality had long been in force, the latter statute antedating the former. The court stated that it will be presumed that the General Assembly, in prohibiting the disconnection of land which is subdivided into municipal lots and blocks, had in mind the statutory subdivision of municipal lands provided for in the statutes on plats (Ill. Rev. Stat. 1947, ch. 109).

The trial court did not err in holding that petitioners' land had not been subdivided into municipal lots and blocks.

The judgment is affirmed.

Affirmed.

T. MORAN and GUILD, JJ., concur.