THE PEOPLE OF THE STATE OF ILLINOIS *et al.*

*v.*

M. E. O'HAIR *et al.*

*Filed at Springfield April 5, 1889.*

1. FRANCHISE—*what constitutes.* The privilege or right to be a corporation is a franchise.

2. SAME—*quo warranto to question right—against whom.* Where the assumed right or franchise is denied, and is sought to be questioned by an information in the nature of a *quo warranto,* the writ is properly issued against those who are attempting to exercise the right or franchise.

3. APPEAL—*whether a franchise is involved.* On an information in the nature of a *quo warranto,* against commissioners of highways assuming to act as drainage commissioners of a certain drainage district, on the ground that such district has not been legally organized, a franchise is involved, and an appeal from the judgment of the trial court lies directly to this court, and not to the Appellate Court.

4. COSTS—*on appeal—where there is no jurisdiction.* Where an appeal is taken to the Appellate Court in a case involving a franchise, and is there entertained, and an appeal is taken from that court to this court by the same party, the judgment of the Appellate Court will be reversed and the cause remanded, with direction to dismiss the appeal, and no costs will be taxed in either court against the appellee.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Mr. S. M. LEITCH, State's Attorney, Messrs. WILEY & NEAL, Mr. CHARLES G. ECKHART, and Mr. J. A. CONNOLLY, for the appellants.

Messrs. CRAIG & CRAIG, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding by information in the nature of a *quo warranto,* in the circuit court of Coles county, to determine the existence of a certain claimed drainage district as a corporation. The precise question presented is shown by the following quotation from the information:

"And said State's attorney therefore gives the court to understand and be informed, that said pretended drainage district, called Union District No. 2, was attempted to be formed when and while said paper in writing, purporting to be a petition, did not contain the signatures of a majority of the adult persons owning lands in said district, who were the owners of more than one-third of the land situate in said proposed district, and did not contain the signatures of the owners of the major part of the land, who constitute one-third or more of the owners of the land, as is required by the statute, and that said pretended Union District No. 2 was not legally organized and formed, and was and is not a drainage district, under and in accordance with the statute; and therefore said State's attorney says, that Michael E. O'Hair, Joseph McNeil and Louis Grooms, since the 4th day of June, 1886, have held and executed, and now hold and execute, without any warrant or right, the office of drainage commissioners of said pretended Union Drainage District No. 2, of the towns of Seven Hickory and Humboldt, which said office they, and each of them, during all the time aforesaid, have usurped, and still do usurp, to the damage of the said People," etc.

The law under which the organization of the drainage district was attempted, makes the commissioners of highways in

each town in the several counties adopting township organization, drainage commissioners in and for all drainage districts in their respective towns. (1 Starr & Curtis, p. 942, sec. 99.) The respondents are conceded to be commissioners of highways of the town, and the only question is, whether they, being such, are also a body politic and corporate, styled "drainage commissioners,"—and this turns solely upon whether the drainage district is lawfully organized.

The privilege or right to be a corporation is a franchise. *Fietsam* v. *Hay et al.* 122 Ill. 293; *Coal and Mining Co.* v. *Edwards et al.* 103 id. 472; 2 Blackstone's Com. p. 37; Angell & Ames on Corp. sec. 4. The franchise is here denied, and the writ is properly issued to those who assume to exercise it. *Chesshire et al.* v. *The People ex rel.* 116 Ill. 493; *The People* v. *Board of Education*, 101 id. 308.

The judgment must determine whether the franchise exists, for the litigation has no other aim, and so, necessarily, the franchise is involved in the litigation.

*The People ex rel.* v. *Holtz et al.* 92 Ill. 426, is authority only for the position that the mere right to hold an office is not a franchise. But, as has been shown, the question here is not the right to hold an office, but, being highway commissioners, the right to be a corporate body as "drainage commissioners," which, beyond all question, is a franchise.

Under section 88 of the amended Practice act, (2 Starr & Curtis, p. 1842,) the appeal should have been brought direct to this court, because a franchise is involved. The Appellate Court had no jurisdiction. The judgment of the Appellate Court is therefore reversed, and the cause remanded to that court, with direction to dismiss the appeal. No costs will be taxed in either court against appellees.

*Appeal dismissed.*