THE PEOPLE *ex rel.* Bondurant

*v.*

SEYMOUR MARQUISS *et al.*

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*when a franchise is involved in quo warranto.* A franchise is involved in *quo warranto* proceedings against village officers where the controversy is as to the legality of the organization of the village and its right to exercise the municipal powers and privileges conferred by the City and Village act.

2. ELECTIONS—*village organization election law not repealed by Ballot act of 1891.* The provisions of article 11 of the City and Village act, relating to elections held for the purpose of organizing villages, were not repealed by the Ballot act of 1891.

3. MUNICIPAL CORPORATIONS—*farm lands may be included in village organization.* Section 5 of article 11 of the City and Village act, providing for the organization of villages, does not require that the lands embraced within the village limits shall be platted into lots and blocks; nor is the including of farm lands precluded by the act for disconnecting territory from cities and villages.

4. SAME—*language "contiguous territory, not exceeding two square miles," construed.* The language of section 5 of article 11 of the City and Village act, that "any area of contiguous territory, not exceeding two square miles," etc., may be organized into a village, means that the area of such village shall not exceed two square miles in extent and that the territory shall be contiguous.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

C. F. Mansfield, State's Attorney, (J. L. Ray, of counsel,) for plaintiff in error.

Reed & Edie, for defendants in error.

Mr. Justice Hand delivered the opinion of the court:

This is an information in the nature of a *quo warranto*, filed by the State's attorney of Piatt county in the circuit court of said county, on the relation of Thomas E. Bondurant, to contest the legality of the organization of the village of DeLand, in said county. The information is brought against the officers of the village, and charges that, without any warrant or right whatsoever, Seymour Marquiss was holding and executing and has usurped the office of president of the board of trustees, John W. Dressback, William Keighon, Henry Gessford, Samuel Reddick, W. H. Gantz and John Vail the office of trustee, S. A. Goodman the office of clerk, and J. H. Rankin the office of police magistrate of said village, and prays that they may be required to show by what warrant they hold and execute their respective offices. The defendants, by plea, set up in detail the proceedings for the organization of the village, resulting in an order declaring it duly organized and calling an election for the choice of village officers, and that at such election the defendants were duly elected to their respective offices, and that by that warrant they hold the same and discharge the duties thereof. To this plea the relator filed four replications, in the first of which it was alleged that the election called by the county judge to vote upon the question of organizing said territory into a village was not called by the county judge to be held under the Australian ballot system, as prayed for in said petition; in the second of which it was alleged that the petition to organize said village was a petition to organize farm lands into a village; in the third of which it was alleged that the said petition and proceedings to incorporate said village take into said corporation the south-west

quarter of section 4, the south-east quarter and the east half of the south-west quarter of section 5, belonging to the relator; that the same are farming lands, and were never used for anything but farming purposes and have never been platted or subdivided for village or suburban purposes into lots, blocks, streets or alleys, and that the same lie along the borders and outer edge of said incorporated village and about a half mile from the platted part of said village, and that the relator objected to and voted against incorporating said lands in said village; and in the fourth of which it was alleged that the lands described in said petition and incorporated in said village are not two square miles of contiguous territory. The information having been dismissed as to S. A. Goodman, William Keighon, W. H. Gantz and John Vail, whose terms of office had expired, and William M. McBride, William O. Dillavou, William E. Adams and C. W. Colvin, their successors in office, having been substituted as defendants in their stead, the defendants demurred specially to said replications, which demurrer was sustained and judgment rendered in favor of the defendants, to reverse which judgment the relator has prosecuted a writ of error from this court. A motion by defendants in error to dismiss the writ for want of jurisdiction was reserved and taken with the case.

It was incumbent upon the defendants in error to justify, and in so doing it was necessary for them to state particularly the organization of the village. This could not be done without setting up in detail the proceedings for the organization thereof. (*Clark* v. *People*, 15 Ill. 213; *Carrico* v. *People*, 123 id. 198; *Kamp* v. *People*, 141 id. 9.) There was, therefore, a controversy as to the legality of the organization of the village and to its right to exercise the municipal powers and privileges conferred by the legislature upon villages under the act for the incorporation of cities and villages, which involves a franchise. (*People* v. *O'Hair*, 128 Ill. 20; *People* v. *City of Spring Valley*,

129 id. 169; *People* v. *Bruennemer*, 168 id. 482.) The case, therefore, was properly brought directly to this court. The motion to dismiss is accordingly denied.

The City and Village act provides that upon the filing of a petition for the incorporation of a village from unorganized territory, in the office of the county clerk, it shall be the duty of the county judge to call an election within the territory sought to be organized into an incorporated village, for the purpose of voting upon village organization, and that he shall fix the time and place, give notice and appoint judges thereof, and that each qualified voter residing within such proposed village shall have the right to cast a ballot at such election with the words thereon, "For village organization under the general law," or "Against village organization under the general law," and that the returns of such election shall be made to the county judge, who shall call to his assistance any two justices of the peace and canvass such returns and cause a statement of the result of such election to be entered upon the records of the county court, and that if a majority of the votes cast at such election is for village organization under the general law, such proposed village, with the boundaries and name mentioned in the petition, shall from thenceforth be deemed an organized village under said act, and that the county judge shall thereupon call and fix the time and place of an election to elect village officers, and cause notice thereof to be posted and published, and perform all other acts in reference to such election, in like manner, as nearly as may be, as he is required to perform in reference to the election of officers in newly organized cities. This act is special in its nature and applies only to a particular class of elections,—the organization of vil-. lages under the general law,—and was not repealed by the Ballot law passed in 1891. *People* v. *Cowden*, 160 Ill. 557; *People* v. *Brown*, 189 id. 619; *Village of Ridgway* v. *Gallatin County*, 181 id. 521.

The contention that only village lots and blocks platted and subdivided for village purposes can be organized into a village is without force.   Paragraph 182 of chapter 24 (Hurd's Stat. 1899, p. 289,) is as follows: "Whenever any area of contiguous territory; not exceeding two square miles, shall have resident thereon a population of at least three hundred inhabitants, and which territory is not included within the limits of any incorporated town, village or city, the same may become incorporated as a village, under this act, in the manner following:  Any thirty legal voters resident within the limits of such proposed village may petition the county judge of the county in which they reside, to cause the question to be submitted to the legal voters of such proposed village, whether they will organize as a village under this act.   And if the territory described in said petition shall be situated in more than one county, then the petition shall be addressed to the judge of the county court of the county where a greater part of such territory is situated.   Such petition shall be addressed to the county judge, contain a definite description of the lands intended to be embraced in such village, the number of inhabitants resident therein, and the name of such proposed village."  Said section designates the territory which may become incorporated as a village as "lands," makes no mention of "lots" or "blocks," and we find nothing therein which indicates that the legislature intended that no lands other than such as are platted into lots and blocks shall be included within the corporate limits of a village when formed from unorganized territory.  To hold that farm lands cannot be included within the corporate limits of a village when organized under this section of the statute would be to inject into the statute a provision which is not found therein, which we have no right to do.

We find nothing in section 1 of the act in relation to the disconnection of territory from cities and villages

(Hurd's Stat. 1899, p. 294,) inconsistent with this view. Neither do we find anything in the statute which requires a village incorporated thereunder to contain two square miles of contiguous territory. The language of the statute is "contiguous territory, not exceeding two square miles," which means that the area of said village shall not exceed in extent two, square miles, the territory of which shall be contiguous.

We are of the opinion that said replications set up no valid objection to the organization of said village, and that the court properly sustained. a demurrer thereto. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*