**Murray Wolbach, Appellee, v. Village of Flossmoor, Appellant.**

**Gen. No. 43,773.**

Opinion filed November 18, 1946. Released for publication December 4, 1946.

WALTER E. WILES, of Chicago, for appellant; HERMAN BARRINGTON, of Chicago, of counsel.

DENEEN & MASSENA and MacCHESNEY, BECKER, WELLS & ALLEN, all of Chicago, for appellee; PAUL R. SCHREIBER, DWIGHT W. CROESSMAN and NATHAN WILLIAM MacCHESNEY, all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, the owner of a tract of land of approximately 80 acres used solely for agricultural purposes, filed his petition under the Revised Cities and Village Act (Ill. Rev. Stat. 1945, ch. 24, § 7–42 [Jones Ill. Stats. Ann. 21.1233]) for the disconnection of his land from

the Village of Flossmoor. Judgment having been entered in his favor, defendant appeals.

The statute authorizes disconnection of a tract which (1) is not contiguous in whole or in part to any other municipality; (2) contains 20 or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality. The only question involved on appeal is whether the tract "is not contiguous in whole or in part to any other municipality."

The land is located in the southwest corner of the defendant Village. Its southern and western boundary lines border on unincorporated areas. The southwest corner touches the northeast corner of a portion of the Village of Olympia Fields. The western boundary line of the tract extended becomes the eastern boundary line of a portion of the Village of Olympia Fields lying east of the unincorporated area occupied by the Olympia Country Club. The southern boundary line of the tract extended becomes the northern boundary line of the Village of Olympia Fields.

In considering the constitutionality of a prior statute providing for the disconnection of land from cities, towns and villages (Ill. Rev. Stat. 1935, ch. 24, pars. 385d and 385e), in *Punke v. Village of Elliott*, 364 Ill. 604, the court said (611): "The legislature has determined that an evil exists in compelling owners of tracts of twenty acres or more, not subdivided and which border a city or village, to pay taxes for urban benefits. It is obvious that unsubdivided tracts of this size do not possess any characteristics of city or village property. They receive no practical benefits from being within the limits of such municipality and contributing, by paying taxes, to the expense of the maintenance and administration of such local governmental agency." The present statute is substantially

the same as the former statute except that it is now required that the land to be disconnected "is not contiguous in whole or in part to any other municipality." The intent of the act remains the same, namely to facilitate the disconnection of unsubdivided tracts of 20 acres or more which do not possess any characteristics of city or village property. The statute should be liberally construed to effect this purpose.

■ ■ Each of the parties cites various definitions of the word "contiguous." In construing the word in a statute providing for the incorporation into a village of "any area of contiguous territory, not exceeding two square miles," in a proceeding in *quo warranto* to test the validity of the incorporation of a village in which certain areas touched each other only at the corner, the court in *Wild v. People ex rel. Stephens,* 227 Ill. 556, 560, said: "The only way in which the 310-foot strip touches or adjoins the 200-foot strip is by the fact that they corner with each other. The west line of the first extended is the east line of the second, and the south line of the first extended is the north line of the second. No vehicle, and, in fact, no person, could pass from one strip to the other without passing over or upon lands not within the village. The two strips last mentioned are not contiguous. *H. S. & P. Co. v. Campbell,* 89 Va. 396; *Kresin v. Mau,* 15 Minn. 119; *Linn County Bank v. Hopkins,* 47 Kan. 582." Counsel for defendant seek to distinguish this case because of the fact that in the statute there being considered the word "contiguous" was not qualified by the words "in whole or in part," as in the present statute. No reason has been suggested why the word "contiguous" should have one meaning in a statute defining the areas or lands which should be united in the incorporation of a village, and another meaning in a statute defining land which the legislature deems improvidently included within corporation limits and as to which it seeks to afford a simple procedure for its

disconnection from the corporation. If two pieces of land are not contiguous, it necessarily follows that they can· not be contiguous in whole or in part, and the words added in the revision of the statute do not narrow or restrict the scope and intent of the statute. *Furlong v. South Park Commissioners,* 320 Ill. 507, 512.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and FEINBERG, J., concur.