(No. 35469.—

WESTERN NATIONAL BANK OF CICERO, Trustee, *et al.,* Appellants, *vs.* THE VILLAGE OF KILDEER *et al.,* Appellees.

*Opinion filed May 18, 1960.*

ALLAN R. BLOCH, of Chicago, and McCLORY, BAIRSTOW & ANDERSON, of Waukegan, (ROBERT McCLORY, and DAVID ANDERSON, of counsel,) for appellants.

MURRAY R. CONZELMAN, of Waukegan, and THEODORE W. HUSZAGH, of Chicago, for appellees.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Lake County denying leave to appellants, herein referred to as petitioners, to file a complaint in *quo warranto* by which they sought to test the validity of the incorporation of the defendant Village of Kildeer and the authority of the individual defendants to hold the village offices to which they had been elected. Petitioners filed the action on their own relation under section 2 of "An Act in relation to practice and procedure in cases of quo warranto," after both the Attorney General and the State's Attorney of the county had refused to bring the action. Ill. Rev. Stat. 1957, chap. 112, par. 10.

After defendants had filed a verified motion in opposition to the filing of the petition and leave to amend the petition had been granted, the case was submitted to the trial court for decision as an agreed case upon the pleadings and a stipulation of the facts and issues. We have

jurisdiction on direct appeal since a franchise is involved. *People ex rel. White* v. *Underwood,* I Ill.2d 620.

The stipulation established that petitioners are citizens, property owners, residents and taxpayers of the affected area; that 66 electors residing within the area filed the petition to incorporate as a village with the county court of Lake County on February 24, 1958, at which time 153 persons resided within the boundaries of the proposed village; and that the total area contained within such boundaries does not exceed 55,766,800 square feet or two square miles, which extends over an area of 2.15 miles long and 1.85 miles wide.

A special election on the question of incorporation was held on March 22, 1958, under the supervision of the county judge and the official canvass showed 57 votes for incorporation, 2 votes against and 3 defective ballots. The court then entered an order that the result of the election be spread upon the records of the court and decreed that the territory described in the petition be incorporated as a village under the general law to be known as the Village of Kildeer.

The village officers were elected at an election called by the court for that purpose on April 19, 1958, and after a canvass of the vote, the court entered an order declaring the president, village clerk and six trustees duly elected to their respective offices. A certified copy of the county court's order of incorporation was filed with the county recorder approximately six months after its entry.

The legal issues tendered for decision by the trial court were stipulated by the parties as follows:

"a. Is the area purported to have been incorporated as the Village of Kildeer in the aforementioned County Court proceeding 'an area of contiguous territory, not exceeding two square miles' within the meaning of Section 3—5 of the Revised Cities and Villages act, as amended? (Ill. Rev. Statutes 1957, Chapter 24, Paragraph 3—5.)

"b. Does the failure of the chief executive officer of the purported Village of Kildeer to file a certified copy of the record of the County Court proceedings relative to the proceedings to incorporate the Village of Kildeer with the Lake County Recorder of Deeds within the time set forth in Section 4—5 of Chapter 24 of the Illinois Revised Statutes for 1957 invalidate the incorporation of the Village of Kildeer?"

These issues were decided by the trial court and constitute the only questions presented on this appeal. Where the parties by stipulation prescribe the issues on which the case is to be tried this amounts to a binding waiver or elimination of all issues not included in the stipulation. *Shell Oil Co.* v. *Industrial Com.* 407 Ill. 186, 198; *Banner Tailoring Co.* v. *Industrial Com.* 354 Ill. 513, 517; 83 C.J.S., Stipulations, sec. 22, p. 46-48.

We shall first consider whether failure of the chief executive officer of the incorporated village to file with the county recorder a certified copy of the record of the county court proceedings relative to incorporation within the time prescribed by statute invalidated the incorporation of the village. The applicable statute provides that such officer of the village incorporated under this act, within three months after incorporation, shall file with the recorder of deeds a certified copy of the record of the county court proceedings to incorporate the alleged village; that the recorder of deeds shall record this certified copy and then transmit it to the Secretary of State; and that if it appears from the recitals in the documents that the act has been duly complied with, the Secretary shall file the documents and issue a certificate of approval and shall make and keep a register of the cities and villages incorporated under this act. Ill. Rev. Stat. 1957, chap. 24, par. 4—5.

It is admitted that the chief executive officer of the purported village did not file the certified copy of the county court proceedings with the recorder within the three months

prescribed by the above section of the act and it is stipulated that the procedure followed in the county court, including the canvass and order of incorporation, were in conformity with the applicable statutes.

Section 3—6 of the Revised Cities and Villages Act provides: "The returns of the election shall be made to and canvassed by the judge of the county court and any two justices of the peace whom he shall call to his assistance. The result of the election shall be entered upon the records of the county court. If a majority of the votes cast at the election favor incorporation as a village under the general law the inhabitants of the territory described in the petition are incorporated as a village under this Act with the name stated in the petition." (Ill. Rev. Stat. 1957, chap. 24, par. 3—6.) Under the language of the statute, a village comes into legal existence at the time the results of the election are canvassed and the county court officially declares the result to be in favor of incorporation.

We likewise reached this conclusion under the statute providing for the incorporation of cities and villages as it existed in 1905. In *Dowie* v. *Chicago, Waukegan and North Shore Railway Co.* 214 Ill. 49, at p. 55, we stated: "The statute expressly fixes the time when the incorporation is effected, and that is the time when the vote is canvassed and determined to be for incorporation or organization under the general law, * * * ." The pertinent provisions of the statute involved in the decision in *Dowie* were substantially the same as those quoted above from section 3—6 of the present law. Therefore, we conclude that the village in question became a legal entity when the county court declared its existence based upon an official canvass of the votes cast in the special election on the question of incorporation.

Petitioners contend that the failure to file a certified copy of these proceedings with the recorder within the prescribed time invalidated the incorporation. It must be

remembered, however, that the creation and control of municipal corporations is a legislative function. (*People ex rel. Honefenger* v. *Burris,* 408 Ill. 68; *People ex rel. Russell* v. *Graham,* 301 Ill. 446.) In the absence of constitutional restrictions, the legislature may provide for organizing, uniting, dividing or annulling of such corporations in such manner as it shall deem best to promote the public welfare. (*People ex rel. Dougherty* v. *City of Rock Island,* 271 Ill. 412, 419, 420.) Likewise, when a municipal corporation has been created, it may be dissolved or cease to exist only by will of the legislature or pursuant to legislative enactment. *People ex rel. Petty* v. *Thomas,* 361 Ill. 448, 455; *People ex rel. Gauen* v. *Niebruegge,* 244 Ill. 82, 86.

Where a municipal corporation has been created as the result of a favorable vote at an incorporation election it remains in existence until its dissolution pursuant to express statutory provisions. If a statute merely provides that certain acts shall be performed within a designated time but does not declare their performance essential to the validity of the election, the law will be deemed mandatory if it affects the merits of the election and directory if it does not. *People ex rel. Bodecker* v. *Community Unit School Dist.* 409 Ill. 526, 534, 535; *People ex rel. Petty* v. *Thomas,* 361 Ill. 448, 455; *People ex rel. Quisenberry* v. *Ellis,* 253 Ill. 369, 377.

The above authorities are determinative of the question presented here. The failure of the proper village official to file within the prescribed time a certified copy of the record of the county court proceedings cannot have the effect of dissolving the municipal corporation in question which came into existence by virtue of the favorable vote of the electors. There is nothing in the statute itself which expressly or impliedly indicates that a failure to comply with its provisions shall have that effect. Noncompliance with its terms and conditions could not possibly affect the

merits of the election and the provisions of the section are directory only and not mandatory.

The pertinent provisions of section 3—5 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 3—5,) are: "Whenever any area of contiguous territory, not exceeding two square miles, * * * has residing thereon at least 100 inhabitants living in immobile dwellings, it may be incorporated as a village * * *."

Petitioners contend that "contiguous territory not exceeding two square miles" means contiguous territory not more than 1.42 miles square, since 1.42 miles squared is two square miles; and that while the statute does not require that the territory of a village must form a square it does mean that, regardless of shape, it must fall within a square each side of which is 1.42 miles long. Thus, it is petitioners' position that the phrase "two square miles" does not refer to the area contained within the boundaries of the village, but to the maximum area over which the boundaries of the village may extend. Petitioners further urge that this is the only interpretation consonant with the requirements, implicit in the statute, that the terriory to be incorporated constitute a "village in fact" and that the area be compact as well as contiguous.

Defendants urge that the language limiting size refers to the area which may be included within the village limits and that the phrase "any area of contiguous territory, not exceeding two square miles" means any physically contiguous territory whose total area does not exceed two square miles. They deny that the statute requires that the territory be compact as well as contiguous and that it be a "village in fact."

In resolving these questions we must bear in mind that it is the function of the legislature to prescribe the conditions of incorporation and the obligation of the courts to see that they are complied with. Courts will not inject provisions not found in the statute however desirable they

may appear to be. *People ex rel. Honefenger v. Burris,* 408 Ill. 68; *People ex rel. Bondurant v. Marquiss,* 192 Ill. 377.

It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. (*Petterson v. City of Naperville,* 9 Ill.2d 233; *Belfield v. Coop,* 8 Ill.2d 293.) This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. (*People ex rel. Mayfield v. City of Springfield,* 16 Ill.2d 609; *Louis A. Weiss Memorial Hospital v. Kroncke,* 12 Ill.2d 98.) There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. (*City of Decatur v. German,* 310 Ill. 591.) "What the framers of a statute would have done had it been in their minds that a case like the one here under consideration would arise is not the point to be considered. The inquiry is what, in fact, they did enact, probably without anticipating the existence of such facts." *People v. Day,* 321 Ill. 552, 555.

The language of section 3—5 is unambiguous. When it is said that "any area of contiguous territory, not exceeding two square miles, * * * may be incorporated as a village," the word "area" clearly refers to the territory to be included within the corporate boundaries and the words "not exceeding two square miles" can refer only to the area mentioned. The statute speaks only of the "area" to be incorporated. It contains no specifications as to the shape, length or width. There is no basis in the language of the statute to support the conclusion that the village must, in any event, be contained within a square each side of which is 1.42 miles long. Had the legislature intended to impose such restriction, it could easily have done so by

the use of appropriate language. We therefore conclude that the village of Kildeer did not fail to meet the statutory requirements in that it extended over an area 2.15 miles long and 1.85 miles wide.

Petitioners also stress the irregularity of the village boundaries and argue that the territory is not contiguous within the requirement of the statute. In support of their position they rely principally upon the case of *Wild* v. *People ex rel. Stephens,* 227 Ill. 556. We have carefully examined the facts of that case and find that it is not controlling. In *Wild,* the territory sought to be incorporated involved a central area from which 8 tentacles of land of different lengths and widths extended in various directions. One of the strips of land 310 feet in width east and west extended south one half mile and cornered with another strip 200 feet in width east and west which extended south one half mile and then intersected another tract of land 2,000 feet in length by 200 feet in width. A person could not pass from one strip to the other without passing over land not within the village. Another strip of land 570 feet wide extended south from the main body of the territory almost a mile, and from the south 50 feet thereof a strip of land 50 feet wide extended west a half mile where it intersected the east line of a parcel of land 1,000 feet long and 550 feet wide. We held that the tract of land which cornered was not contiguous and that the use of the 50-foot strip of land to connect the tract with other territory in the village was a mere suberfuge and not compliance with the law.

While the boundaries of the village of Kildeer are extremely irregular, this in itself is not a fatal defect. Under the provisions of the School Code where compactness as well as contiguity is a requisite, the courts of this State have adopted a liberal attitude on this question. (*People ex rel. Warren* v. *Drummet,* 415 Ill. 411; *School Directors of School Dist. No. 82* v. *County Board of School Trustees,* 15 Ill. App. 2d 115; *Streator Township High School Dist.*

v. *County Board of School Trustees,* 14 Ill. App. 2d 251.)
Thus, in *Warren,* we held that the territory need not be
rectangular or square to be contiguous and compact and
that every reasonable presumption is indulged in favor of
the validity of a school district established pursuant to
legislative authority.

So far as the requirement of contiguity is concerned,
we know of no case which purports to announce a compre-
hensive rule suitable for application in all cases. "Con-
tiguity" means "in actual contact; touching or adjoining."
(Webster New Collegiate Dictionary, 2nd ed. p. 180.) The
decision in *Wild* suggests, however, that mere actual con-
tact such as is found when lands "corner" upon one another
is not enough and that something more is required. We
agree and hold that in order to be considered contiguous
within the meaning of the statute, the tracts of land in
the territory must touch or adjoin one another in a rea-
sonably substantial physical sense. However, the line of
demarcation between the reasonableness and unreasonable-
ness of the contiguity cannot be drawn with precision and
must be determined from the facts of each case when
viewed in the light of such concept. We have carefully
examined the plat of the village in question and believe
that it satisfies the requirements of the statute as thus
interpreted.

Petitioners have urged that the requirement of compact-
ness is implicit in the statute. We cannot agree. The legis-
lature was familiar with that term and used it in the School
Code whenever it seemed necessary or desirable. We can-
not but presume that its omission from the statute in ques-
tion indicates a deliberate legislative choice and selection.

Finally, petitioners urge that the territory in question
does not legally constitute a village under the statute be-
cause it is not "a village in fact." Their conception of what
constitutes a "village in fact" is based on the language of
certain Wisconsin cases, among them: *In re Village of*

*Oconomowoc Lake*, 270 Wis. 530, 72 N.W.2d 544, wherein the court, following its earlier decision in *State ex rel. Town of Holland* v. *Lammers*, 113 Wis. 398, 86 N.W. 677, held that as a prerequisite to incorporation as a village under the Wisconsin statutes, the territory in question must possess the attributes of a "village in fact;" that it must have "a reasonably compact center or nucleus of population" and its territory must be "distinctly urban in character with such adjacent lands as are naturally connected with, and are reasonably appurtenant and necessary for future growth, in view of the surroundings and circumstances of location and prospects of future prosperity."

The Wisconsin concept of a village, circumscribed by the term "village in fact" as announced in these cases, is based upon an implied limitation contained in the constitution of that State as interpreted by its courts. These cases are not authority for the proposition that the statute involved in the case at bar contains the "village in fact" requirement by implication. Insofar as such cases suggest that there must be territory "distinctly urban in character" which forms the nucleus of a village, we have expressly decided to the contrary. *People ex rel. Bondurant* v. *Marquiss*, 192 Ill. 377.

The first mention of "village in fact" in the statutes of this State occurred in 1959 when the General Assembly amended section 3—6 of the Revised Cities and Villages Act to provide that upon the filing of the petition for incorporation the county judge shall hear testimony and "rule that the area under consideration is or is not a village in fact." (Ill. Rev. Stat. 1959, chap. 24, par. 3—6.) We believe that the meaning of sections 3—5 and 3—6 as they existed prior to 1959 is indicated by the action taken by the legislature in 1959 when it amended section 3—6 to add the "village in fact" concept.

The interpretation placed upon a statute by the legislative department may go far to remove doubt as to its mean-

ing, and it is proper for us to consider the subsequent amendment to a statute in determining the intent and meaning of the statute prior to amendment. (50 Am. Jur. par. 337, pp. 238 and 239; *First Nat. Bank* v. *Missouri,* 263 U.S. 640, 68 L. ed. 486; *Domarek* v. *Bates Motor Transport Lines,* (7th cir.) 93 F.2d 522; *State Tax Comrs.* v. *Holliday,* 150 Ind. 216, 49 N.E. 14.) The addition of a new provision in a statute by amendment is an indication of the absence of its implied or prior existence. *Shine* v. *John Hancock Mutual Ins. Co.* 76 R.I. 71, 68 A.2d 379.

Accordingly, we conclude that the territory included within the village of Kildeer is an "area of contiguous territory, not exceeding two square miles" within the meaning of section 3—5. Therefore, the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*