**LaSalle National Bank, as Trustee Under Trust No. 17797, Petitioner-Appellee, v. Village of Willowbrook, Defendant-Appellant.**

Gen. No. 11,641.

Second District, First Division.

April 10, 1963.

Rehearing denied May 4, 1963.

 █ 

Theodore W. Huszagh, of Chicago, for appellant.

Rathje, Woodward & Dyer Associates, of Wheaton (Alfred E. Woodward, of counsel), for appellee.

SMITH, J.

Willowbrook, Illinois, appeals from an order disconnecting a 120 acre tract. For convenience, we have mapped out below the "before" and "after" consequences of the disconnection as it affects the North boundary line of the village.

██ The Village argues that the two fingers of land (A) and (B) are isolated from the remainder of the village. The statute forbids isolation—"will not result in the isolation of any part of the municipality from the remainder." Ill Rev Stats 1961, c 24, § 7–3–6. They also point to the (C) area to the north. By way of background, this area was the subject matter of a pending petition by the Village requesting its annexation. Quite obviously, the removal of the (D) area knocked the props out, literally, from under their request, for the very sensible reason that non-contiguous lands cannot be the subject of annexation. Because the order thwarts their attempt the Village assigns it as a second point for reversal. Outside of some minor procedural matters, these are the only grounds urged.

The (A) finger is 50 feet wide and a quarter of a mile long. The (B) finger is 33 feet wide and 660 feet long. They don't look isolated to us. They are still a part of the whole, and while the surgery is admittedly somewhat radical, it doesn't reach the point of outright amputation. There still remains a continuing and connected boundary line with no cornering. (The sketches relate to only a part of the Village.) Access

Before disconnection:

Not South Boundary Line -- Village Contiguous Below

After disconnection:

Not South Boundary Line -- Village Contiguous Below

2.

from within the Village remains the same as before, and these two particular areas serve no part of the Village, even though they are half streets. The trial court found the Village was not injured and the facts justify this finding.

■ There is no requirement that the area remaining must be compact. It is isolation that is decried. The new boundary line, to be sure, looks like the more extreme of modern art, and though we, as Judges,

361

may shy away from such grotesqueries, we do so as a matter of predeliction, not compunction.

 The second point need not detain us long. Admittedly, Willowbrook desired to annex the (C) area. To that end they made a formal proposal. But desire alone is not enough to defeat outside frustration in these matters. It is the state of events that exist at the time of the hearing which control, not the state of events that a litigant might desire. In re the Petition of Cox, 32 Ill App2d 142, 177 NE2d 247; In re Disconnection of Territory from Village of Northfield, 4 Ill App2d 131, 123 NE 860. Here the areas involved were different. Therefore, either could proceed without regard to the other, so long as neither was determined. Petitioners were not required to wait forever on the theory that they might one day be surrounded, nor can the Village defeat the order on the theory that it frustrates their future designs. The whole point is moot anyway because after the hearing the proposed annexation was defeated at the polls. The procedural errors raised are of no consequence and the order is affirmed.

Affirmed.

McNEAL, P. J. and DOVE, J., concur.