**La Salle National Bank, a National Banking Association, as Trustee Under the Provisions of a Trust Agreement Dated November 25, 1960, and Known as Trust Number 17797, Petitioner-Appellee, v. Village of Burr Ridge, a Municipal Corporation, Defendant-Appellant.**

Gen. No. 66–104.

Second District.

March 29, 1967.

Corrigan and Mackay, of Wheaton, and Hooper, Bowers, Calkins and Carney, of Downers Grove, for appellant.

Rathje, Woodward & Dyer Associates, of Wheaton, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is a disconnection proceeding commenced by the petitioner, La Salle National Bank, as Trustee, in which it seeks to disconnect 126.5 acres of land from the Village of Burr Ridge, herein called Burr Ridge. The trial court held that the statutory requisites had been met, and ordered the property disconnected. The defendant, Burr Ridge, appealed.

The relevant statute, Ill Rev Stats 1965, c 24, section 7–3–6, provides:

"The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality may have such territory disconnected which (1) is not contiguous in whole or in part to any other municipality; (2) contains 20 or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; (5) if disconnected, will not result in the isolation of any part of the munici-

pality from the remainder of the municipality, (6) if disconnected, the growth prospects and plan and zoning ordinances, if any, of such municipality will not be unreasonably disrupted, (7) if disconnected, no substantial disruption will result to existing municipal service facilities, such as, but not limited to, sewer systems, street lighting, water mains, garbage collection and fire protection, (8) if disconnected the municipality will not be unduly harmed through loss of tax revenue in the future. . . .

". . . If the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality. If the circuit court finds that the allegations contained in the petition are not true, the court shall enter an order dismissing the petition.

"An area of land, or any part thereof, disconnected under the provisions of this section from a municipality which was incorporated at least 2 years prior to the date of the filing of such petition for disconnection shall not be subdivided into lots and blocks within 1 year from the date of such disconnecting. A plat of any such proposed subdivision shall not be accepted for recording or registration within such one year period, unless the land comprising such proposed subdivision shall have been thereafter incorporated into a municipality."

It is the contention of Burr Ridge that: (1) the disconnection would not be within the legislative purpose as the disconnected property would not resume a rural nature; (2) the petitioner failed to show that disconnection would not unreasonably disrupt the growth prospects and plan and zoning ordinances of the Village; (3) the petitioner failed to show that the disconnection will not result in isolation of any part of the Village from the

remainder; and (4) the petitioner's property is contiguous to another municipality, Willowbrook.

The trial court found that the several statutory requirements for disconnection were established by the evidence. We will not disturb such finding unless it is clearly contrary to the manifest weight of the evidence. Anderson v. City of Rolling Meadows, 10 Ill2d 54, 58, 139 NE2d 199 (1956); Stevens v. Fanning, 59 Ill App2d 285, 294, 207 NE2d 136 (1965).

Burr Ridge argues that the statute contemplates that land, when disconnected, must resume a rural character; that the land is to be freed from the burdens of municipal taxation, restrictions and regulations; and that the land is to be disconnected to permit it to remain in an unincorporated area. This contention appears to be based on certain language in specific cases to the effect that the statute is intended to facilitate the removal of lands from the burdens imposed by a municipality. Punke v. Village of Elliott, 364 Ill 604, 611, 612, 5 NE2d 389 (1936); Woodward Governor Co. v. City of Loves Park, 335 Ill App 528, 538, 82 NE2d 387 (1948); Wolbach v. Village of Flossmoor, 329 Ill App 528, 530, 69 NE2d 704 (1946).

In pursuing this thought, Burr Ridge points out—and we believe with ample justification from the evidence—that if the disconnection here sought is approved, the owner will annex the land, as soon as possible, to the Village of Willowbrook. However, we find no statutory proscription of such action; and, we conclude that the cases cited by Burr Ridge, interpreting the statute, do not hold that disconnection is proper only when the land is to revert to a rural character. Rather, we read the statute as intending to provide a means of disconnection from any municipality, if the enumerated requirements are met, regardless of the purpose of the petitioner and, we believe that the cases so hold and that such decisions accord a liberal construction to the statute. In re Certain Territory of Palos Heights, 30 Ill App2d 336, 342, 174

NE2d 574 (1961); Van Bebber v. Village of Scottville, 13 Ill App2d 458, 465, 142 NE2d 711 (1957).

It should be apparent from its last paragraph that the statute is not intended to limit disconnection to those lands which will remain in unincorporated areas. This paragraph provides that under certain conditions, land which is disconnected shall not be subdivided into lots and blocks within one year from such disconnection, and that no plat of any such proposed subdivision shall be accepted for recording within such period *unless the land shall have been thereafter incorporated into a municipality.* (Ill Rev Stats 1965, c 24, § 7–3–6.) (Italics ours.)

█ Burr Ridge next contends that the petitioner failed to show that the disconnection would not unreasonably disrupt the growth prospects and plan and zoning ordinances of the Village. The contention as to the growth prospects is amply answered by petitioner's exhibit No. 1, which indicates that the area in question is surrounded to the east, south, and west, by the Village of Willowbrook. In view of this circumstance, and of the fact that the Village does not have any sewer mains within a block of the property, maintains no street lights around or within it, and offers it neither police or fire protection, nor refuse collection service, the disconnection of the land in question could not possibly disrupt any service facilities or the substantial growth prospects of Burr Ridge in these directions.

█ As to the disruption of plan and zoning ordinances, each party presented expert witnesses, who gave opinions supporting their respective positions. Each has suggested that the witnesses for the other offered testimony without valid foundation, but that its own witnesses presented reasoned and well-supported testimony. We have examined the record in detail in this regard and find adequate basis to support the opinions of each of the witnesses. However, it must be remembered that, under the statute, the issue before the court was whether the

215

proposed disconnection would unreasonably disrupt the planning and zoning ordinances of Burr Ridge. The trial court heard and saw the witnesses. The court's finding that the statutory requirement was met in this regard is not contrary to the manifest weight of the evidence and will not be disturbed by us.

Burr Ridge further urges that the proposed disconnection, which will cause two "fingers" of its corporate boundaries to extend south beyond the remaining boundary, results in an isolation of these fingers or corridors from the remainder of the municipality. One corridor extends south 2,400 feet, is 170 feet wide and consists of 9.3 acres; the other extends south 1,300 feet, is 170 feet wide and consists of 5.2 acres.

■■ These corridors of land constitute sizeable tracts, which are privately owned and are neither streets nor alleys. The subject property corners upon the Village of Willowbrook at two points. However, it has long been the law that cornering is not sufficient to establish contiguity. Wild v. The People ex rel. W. E. Stephens, 227 Ill 556, 560, 81 NE 707 (1907). It is also the law that the two corridors or fingers are contiguous to Burr Ridge if there is a touching in a reasonably substantial physical sense. Western Nat. Bank v. Village of Kildeer, 19 Ill2d 342, 352, 167 NE2d 169 (1960). Corridors of lesser width have met the test of contiguity. LaSalle Nat. Bank v. Village of Willowbrook, 40 Ill App2d 359, 360, 361, 189 NE2d 690 (1963).

■■ While Burr Ridge concedes that these corridors extending out from its corporate limits are not physically isolated from the remainder of the Village, it contends that they will be economically or functionally isolated. This same contention was presented to this court in LaSalle Nat. Bank v. Village of Willowbrook, supra. We there held that so long as there remains a continuing and connected boundary line, with no cornering, there is no "isolation" as contemplated by the statute. We see no

reason to depart from the view there expressed that the word "isolation" refers to physical isolation. It is not for us, under the guise of statutory construction, to rewrite the statute itself to include economic, functional or such other aspect of isolation as might serve a particular purpose when the language of the statute does not permit such interpretation. Western Nat. Bank v. Village of Kildeer, supra, 349, 350. We must take the words found in the statute in their ordinary usual meaning and give them a sensible meaning consonant with the context in which they are used. Illinois Central R. Co. v. Village of South Pekin, 374 Ill 431, 434, 29 NE2d 590 (1940).

The case at bar is unlike those cases in which a substantial portion of the municipality is separated by a disconnection from the remainder, joined only by a narrow strip or roadway. See: Gieseking v. Village of Harvel, 24 Ill App2d 440, 164 NE2d 622 (1960) and In re Disconnection of Territory of Mt. Prospect, 341 Ill App 272, 93 NE2d 578 (1950). The fact that the disconnection in the case at bar results in an irregular border at the location in question, does not result in an isolation. Indeed, the Village of Burr Ridge, not unlike many others, is characterized by extreme border irregularities.

Burr Ridge contends that the petitioner's land is contiguous to the municipality, Willowbrook, and, thence, requirement (1) of the statute is not met. The land sought to be disconnected "corners" with the Village of Willowbrook in two places. To be contiguous, the tracts of land must "touch or adjoin one another in a reasonably substantial physical sense." Western Nat. Bank v. Village of Kildeer, supra, 352. Also see: Wild v. The People ex rel. W. E. Stephens, supra.

Burr Ridge admits that if it is confined to the literal mandate of the legislature, then the subject property is not contiguous to the Village of Willowbrook. In People v. Village of Hawthorn Woods, 19 Ill2d 316, 167 NE2d 176 (1960), where two areas of land were connected by a

217

common boundary for a distance of 128.7 feet, the court, in construing the word "contiguity" as used in the statute relating to incorporation, stated at page 360: "We believe that the contiguity in this case is such that it satisfied the literal mandate of the legislature . . . ." The fact that Kildeer and Hawthorn Woods involve an interpretation of the statute relating to incorporation makes them no less applicable to our determination. The People v. Ellis, 253 Ill 369, 376, 97 NE 697 (1912); Wolbach v. Village of Flossmoor, 329 Ill App 528, 531, 532, 69 NE2d 704 (1946).

■■■■■■ It is the legislature which is granted the power of prescribing the conditions relative to the alteration of municipalities—whether through annexation, disconnection or incorporation. There is no cogent reason for suggesting that the word "contiguous" means anything different in one statute than in the other. Our only duty or authority is to construe the statutes in a reasonable and sensible manner. Spaulding School Dist. No. 58 v. Waukegan, 18 Ill2d 526, 528, 165 NE2d 283 (1960). Under the circumstances, we must follow the literal mandate of the statute, and absent an actual touching in a reasonably physical sense there is no "contiguity" as the term is used in the statute.

Just prior to the commencement of this proceeding, a strip of land also owned by the petitioner, approximately 120 feet in width—and surrounding the land in question where it adjoined the Village of Willowbrook—was disconnected from Willowbrook. This resulted in a corridor of unincorporated land, 120 feet in width, separating the Village of Willowbrook from the land in question. It is obvious that this was done so that the statutory requirement of an absence of contiguity with another municipality could be met.

■■■■■ But as we have suggested, we cannot be concerned with the motives involved, but rather, our regard

218

pertains to statutory compliance. At the time of the hearing, the forbidden contiguity was not present. It is the time of the hearing which controls whether the mandates of the statute are met. LaSalle Nat. Bank v. Village of Willowbrook, supra, 362; In re Petition of Cox, 32 Ill App2d 142, 177 NE2d 247 (1961).

 Burr Ridge has also argued that if all of the elements necessary to a disconnection are found to exist, the trial judge still possesses the discretion of denying the request. We do not read the statute as giving the court such discretion. The statute provides that if the allegations of the petition are found to be true, the court "shall" order the land disconnected; and if the court finds that the allegations of the petition are not true, it "shall" dismiss the petition. The discretion to determine what may or may not be relevant to the alteration of municipal boundaries is in the legislature—not the judiciary. The City of Galesburg v. Hawkinson, 75 Ill 152, 156, 157, 158 (1874); Van Bebber v. Village of Scottville, 13 Ill App2d 458, 462, 142 NE2d 711.

We find no error in the determination made by the trial court. There is ample evidence to support its finding that the statutory requirements for disconnection were met. Its judgment is affirmed.

Judgment affirmed.

MORAN and BURT, JJ., concur.