*In re* ANNEXATION TO THE VILLAGE OF WADSWORTH.—(JUNE CERMAK *et al.,* Petitioners-Appellees. *v.* EDWARD ROBERT HUMRICH *et al.,* Objectors-Appellants.)

Second District (1st Division) No. 75-167

Opinion filed February 20, 1976.

Fuqua, Fuqua & Winter, of Waukegan, for appellants.

Frank M. Daly, of Waukegan, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This is a proceeding for the annexation of certain land to the Village of Wadsworth in Lake County. The trial court, after a hearing, ordered that the question of annexation be submitted to the corporate authorities of the Village and the objectors appeal, contending: (1) that notice was not given a successor trustee; (2) that the land involved is not contiguous; and (3) that the petition is defective because it does not include adjacent highways. We disagree and affirm.

On December 10, 1974, a petition was filed by certain landowners in the circuit court of Lake County requesting the court to submit to corporate authorities of the Village of Wadsworth the question of the annexation of certain land. The territory consists of a narrow string of lands approximately 4 miles in length and of various widths. At the point of connection with the village limit of Wadsworth the common dimension is slightly less than 400 feet.

Wherever the petition seeks to annex land only on one side of a highway, a 10-foot buffer zone between the land to be annexed and the adjacent highway was created. This buffer zone carefully follows every curve in the highway. Only where land on both sides of a highway is sought to be annexed has the petition included the buffer strips and the

highway in the legal description of the territory sought to be annexed.

On December 11, 1974, the court entered an order setting the petition for hearing on January 8, 1975. On December 13, 1974, notices of the January 8 hearing were mailed to the Fire Protection District and to two of its three trustees. Notice was not mailed to the third trustee, Mr. Goodwin, although he had been appointed on December 12, 1974, to replace trustee Bennett, who had died a month before, and although Mr. Goodwin had immediately qualified by filing a bond on the same day. The notice sent to the district was received and signed for by Ms. Shields who was both a trustee and the secretary-treasurer of the District. Ms. Shields and the other trustee, Mr. Hayden, both received the notices sent to them.

The objectors complain that (1) the notice sent to the trustees was defective since no notice was sent to Mr. Goodwin; (2) the territory sought to be annexed is not contiguous to the Village of Wadsworth; (3) the petition is defective for failing to include the highways adjacent to the land sought to be annexed but instead creating buffer strips.

■■ Section 7—1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—1) requires notice to be given to the trustees of the Fire Protection District of which the land sought to be annexed is a part. This requirement is mandatory (*People ex rel. Hopf v. Village of Bensenville* (1971), 132 Ill. App. 2d 907, 272 N.E.2d 50) and as provided by the statute, no annexation of such land is effective absent service of this notice. However, since notice was sent to the Fire Protection District as well as to two of the three trustees, the omission, and, at the time suit was filed and the order was entered setting the case for hearing, no successor trustee had yet been appointed, the omission, at most, was only a formal defect as this court held in *In re Annexation to Village of Downers Grove* (1974), 22 Ill. App. 3d 122, 316 N.E.2d 804. And the trustees do not object.

■■ The objector's second contention is that the property to be annexed is not "contiguous" as required by the statute. This court set forth the general principles relating to "contiguity" in the case of *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 265-66, 261 N.E.2d 746.

    "Certain general principles have been settled by the cases which have defined the term 'contiguity' as used in the statute. 'Contiguity' is satisfied by a touching or adjoining in a reasonably substantial physical sense; however, the line of demarcation between the reasonableness or unreasonableness of a contiguity must be drawn on the facts of each case. *Western Nat. Bank of Cicero v. Vil. of Kildeer*, 19 Ill. 2d 342, 352, 167 N.E.2d 169 (1960). The

finding of the trial court as to contiguity or lack of it will not be disturbed on appeal unless it is manifestly against the weight of the evidence. *LaSalle Nat. Bank v. Village of Burr Ridge*, 81 Ill. App. 2d 209, 217, 218, 225 N.E.2d 33 (1967). Irregularity of the resulting boundaries in itself is not a fatal defect in determining contiguity to a village. *Western Nat. Bank v. Vil. of Kildeer*, supra, at page 351. 'Contiguity' is to be given a uniform liberal construction throughout the annexation statute. *In re Petition of Flossmoor v. Mut. Nat. Bank*, 23 Ill. App. 2d 440, 445, 163 N.E.2d 215 (1960); and *In re Annexation to City of Loves Park*, 89 Ill. App. 2d 284, 232 N.E.2d 144 (Abst, 1967); and contiguity has the same meaning under the disconnection statutes as under the annexation statutes. *Wolbach v. Village of Flossmoor*, 329 Ill. App. 528, 531, 69 N.E.2d 704 (1946); *LaSalle Nat. Bank v. Village of Burr Ridge*, supra, at pages 217, 218; *LaSalle Nat. Bank v. Village of Willowbrook*, 40 Ill. App. 2d 359, 360, 189 N.E.2d 690 (1963)."

The requirement of contiguity does not implicitly include the requirement of "campactness" as well. (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169; *In re Annexation to the Village of Glen Carbon* (1970), 130 Ill. App. 2d 821, 264 N.E.2d 283.) Thus in *La Salle National Bank v. Village of Willowbrook* (1963), 40 Ill. App. 2d 359, 189 N.E.2d 690, it was held that two "fingers" of land, one 50 feet wide by one-quarter of a mile in length, the other 33 feet wide by 660 feet in length were still contiguous (see *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 268, 269, 261 N.E.2d 746), to the village following disconnection of intervening territory. Similarly in *La Salle National Bank v. Village of Burr Ridge* (1967). 81 Ill. App. 2d 209, 225 N.E.2d 33, we held that two areas of land, one 170 feet in width by 2,400 feet in length and the other 170 feet in width by 1,300 feet in length remained substantially contiguous to the municipality after the disconnection of the intervening territory.

■■ In the present case the width of the connection is approximately 400 feet. A common boundary of that length was held sufficient in *People ex rel. Nash v. City of Loves Park* (1965), 59 Ill. App. 2d 297, 207 N.E.2d 490 (abstract opinion), and we agree with the trial court that it is sufficient here. There are no areas which merely corner on another area nor are there mere strips of land used as a subterfuge to reach outlying areas of land to be annexed as were found in the cases relied upon by the objectors.

The objectors' third contention is that the petition must fail because it did not include the highway which is near the land to be annexed. As this

court held in *In re Annexation to the Village of Green Oaks* (1971), 1 Ill. App. 3d 773, 275 N.E.2d 462, the statutory requirement that the new boundary of any annexed territory "shall" extend to the far side of any adjacent highway is mandatory. (In accord: *In re Annexation to the Village of Green Oaks* (1973), 10 Ill. App. 3d 181, 293 N.E.2d 174; *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 331 N.E.2d 373.) Nor does the statute merely have the effect of automatically extending the boundary to the far side of any adjacent boundary by operation of law. *People ex rel. City of Des Plaines v. Village of Mount Prospect* (1975), 29 Ill. App. 3d 807, 331 N.E.2d 373.

■■ The petitioners however contend that the highway is not "adjacent" because they deliberately left a 10-foot buffer strip between the land and the highway. The Illinois Municipal Code does not define "adjacent," and certain Illinois cases in the past have ruled that "objects are adjacent when they lie close to each other but not necessarily in actual contact." (*City of Dixon v. Sinow & Weinman* (1932), 350 Ill. 634, 640, 183 N.E. 570; *Chicago & Northwestern Ry. Co. v. Chicago Mechanics' Institute* (1909), 239 Ill. 197, 87 N.E. 933.) We agree with the appellee however, that construing "adjacent" to mean "close or nearby" would, in the present context, result in endless controversy concerning the meaning of close or nearby. (See *City of St. Ann v. Spanos* (Mo. App. 1973), 490 S.W.2d 653.) It would appear that the purpose of the statute was to require the annexation of the highway when the property touching it was annexed and it was not meant to require a city to annex land lying between a highway and the territory sought to be annexed.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.