VO-LAND, LLC, Plaintiff-Appellant and Cross-Appellee, v. THE VILLAGE OF BARTLETT, Defendant-Appellee and Cross-Appellant.

First District (3rd Division)   No. 1—08—0632

———

Opinion filed September 23, 2009.

Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., of Chicago (Stewart H. Diamond, Robert K. Bush, David Lincoln Ader, and Nicholas A. Grojean, of counsel), for appellant.

Holland & Knight LLP, of Chicago (Jack M. Siegel and Adam Kingsley, of counsel), and Bryan E. Mraz & Associates, of Roselle (Bryan E. Mraz, of counsel), for appellee.

JUSTICE COLEMAN delivered the opinion of the court:

Vo-Land, LLC, owner of a 107-acre tract of real estate in the Village of Bartlett, is the successor to a 1987 covenant with the village that granted special zoning for the development of part of the tract as residential property but required that 96 acres of the land be maintained as open space. Vo-Land brought an action to lift the covenant's restrictions and disconnect the property from the village. The circuit court of Cook County allowed Vo-Land's petition for disconnection, but held that the covenant to maintain the land as open space remained valid. Vo-Land and Bartlett both appealed. We affirm.

The original 107-acre tract of land was incorporated into the village by a 1969 annexation agreement that expired in 1979. In 1987, the village granted the predecessors of Vo-Land, LLC, a special use permit that allowed the construction of 1,875 residential units on the property, provided that 96 acres of the site be maintained as a golf course or other open space. This arrangement was documented in a village ordinance that enacted the appropriate residential zoning and required the execution of a restrictive covenant requiring the maintenance of the open-space area for 35 years, unless the covenant was released by a vote of five of the seven members of the village board of trustees. After passage of the ordinance and the execution of the restrictive covenant, Vo-Land's predecessor developed or sold parcels of property used to create 550 residential units. Vo-Land maintained the open property as a golf course.

In 2004, Vo-Land, which had assumed ownership of the property, approached the village with a request to amend the zoning for its property to permit the closing of its golf course, the reduction of the mandated open space from 96 acres to 51 acres, and the construction of approximately 350 new residential units on the remaining golf course land. The village board declined to release the restrictive covenant, and the village, citing the continued operation of the covenant, refused to refer the proposed amendment to its planning or zoning authorities.

Vo-Land then brought the action underlying the instant appeal. It sought to void the restrictive covenant and to disconnect the property from the village or, alternatively, to force the village to allow it to apply for amended zoning. The circuit court held that the restrictive covenant remained valid, but granted Vo-Land's petition for disconnection of the property from the village. Vo-Land appeals the ruling regarding the covenant; the village cross-appeals the disconnection ruling.

■ The circuit court held that Vo-Land was estopped from challenging the validity of the restrictive covenant. We agree. A party may not agree to conditions in order to receive a zoning variance, take advantage of that variance, and then dispute the validity of the conditions. *Zweifel Manufacturing Corp. v. City of Peoria*, 11 Ill. 2d 489, 493-94 (1957); *Psyhogios v. Village of Skokie*, 4 Ill. App. 3d 186, 191 (1972). In the instant case, it is undisputed that in 1987, Vo-Land's predecessor agreed to maintain a specific portion of its property as open space for 35 years in exchange for the zoning variance that allowed it to develop the remainder of the land for residential sale. The development of the land by Vo-Land and its predecessor was an acceptance of the benefits of the covenant along with the agreement to be bound for 35 years unless five of the village's commissioners voted for its release. The circuit court was thus correct in concluding that acceptance of the covenant's benefits estops Vo-Land from seeking release from its burdens more than a decade later.

■ However, we reject the village's assertion that Vo-Land was similarly estopped from seeking the property's disconnection from the village. In contrast to the open-space obligation, the covenant makes no reference to any obligation to keep the property within the jurisdiction of the village. Accordingly, we cannot conclude that any such obligation was a condition accepted by Vo-Land's predecessors along with the benefit of the zoning variance.

■ The village also contends that the circuit court erred in granting the petition for disconnection because the Vo-Land property failed to meet the disconnection standards established by statute. Section 7—3—6 of the Illinois Municipal Code provides that property owners may have land disconnected from a municipality by court proceeding if the property: "(1) contains 20 or more acres; (2) is located on the border of the municipality; (3) if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, (4) if disconnected, the growth prospects and plan and zoning ordinances, if any, of such municipality will not be reasonably disrupted, (5) if disconnected, no substantial disruption will result to existing municipal service facilities, such as, but not limited to, sewer

systems, street lighting, water mains, garbage collection and fire protection, (6) if disconnected the municipality will not be unduly harmed through loss of tax revenue in the future." 65 ILCS 5/7—3—6 (West 2002). The Code further provides that "[i]f the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality." 65 ILCS 5/7—3—6 (West 2002).

The parties stipulated that Vo-Land sufficiently established five of the six enumerated factors entitling its property to disconnection. The village argued that the disconnection of the Vo-Land property would cause the remainder of the village to be isolated from a .46-acre plot of land occupied by a village water pumping station.

"Isolation," as used in the disconnection statute, is reviewed upon the same basis as its opposing principle, contiguity: "If property is isolated from a municipality, it is not contiguous to it; if contiguous, it is then not isolated." *Indian Valley Golf Club, Inc. v. Village of Long Grove*, 135 Ill. App. 3d 543, 548-49 (1985). Properties are contiguous if they "touch or adjoin one another in a reasonably substantial physical sense," and "the line of demarcation between the reasonableness and unreasonableness of the contiguity cannot be drawn with precision and must be determined from the facts of each case when viewed in the light of such concept." *Western National Bank v. Village of Kildeer*, 19 Ill. 2d 342, 352 (1960).

In the instant case, it is undisputed that, before disconnection, the water station parcel touched the property of the village only at the station parcel's southern border, which adjoins a highway right-of-way owned by the village. It is also undisputed that the station parcel did not touch the disconnected property, located across the highway to the south. It is thus apparent that disconnection of the Vo-Land property would not lessen the touching between the allegedly isolated property and the remainder of the village. Disconnection would merely give the link between the station parcel and the remainder of the village the irregular "finger" shape characteristic of connections established by streets and highways. *LaSalle National Bank v. Village of Willowbrook*; 40 Ill. App. 2d 359, 360 (1963). Irregularly shaped connections are not a fatal defect in determining contiguity. *In re Annexation of Certain Territory*, 128 Ill. App. 2d 261, 266 (1970); *LaSalle National Bank*, 40 Ill. App. 2d at 360-61.

The trial court's determination of whether the contact between the properties at issue was sufficiently reasonable to establish contiguity or isolation will not be disturbed unless shown to be against the manifest weight of the evidence. *Rutland & Dundee Townships Fire Protection District v. Village of West Dundee*, 339 Ill. App. 3d 166, 171

(2003). Since the record in the instant case establishes that disconnection would not decrease the station parcel's contact with village property, we believe that the showing required for reversal has not been made.

■ Finally, the village contends that the statutory language providing that "[i]f the court finds that the allegations of the petition are true *and* that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality" requires the court to find some additional basis for disconnection in addition to a finding that the enumerated factors were met. (Emphasis added.) 65 ILCS 5/7—3—6 (West 2002). The village cites a single authority in support of this assertion, *Gaylor v. Village of Ringwood*, 363 Ill. App. 3d 543 (2006). The *Gaylor* court interpreted the "entitled to disconnection" language to permit a disconnection opponent to interpose an affirmative defense: in that case, the existence of an annexation agreement that required the land at issue to remain within the municipality. 363 Ill. App. 3d at 548. No such defense against Vo-Land's disconnection petition has been asserted by the village in the instant case, and the *Gaylor* court did not suggest that, in the absence of such a defense, the disconnection petitioner is required to prove facts in addition to the items enumerated by the Illinois Municipal Code. Since we believe that *Gaylor* is distinguishable from the case at bar, and since the Code is to be interpreted liberally in favor of disconnection (*Harris Trust & Savings Bank v. Village of Barrington Hills*, 133 Ill. 2d 146, 154-55 (1989)), we are unpersuaded by the village's assertion that Vo-Land failed to establish its entitlement to disconnection.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

QUINN and STEELE, JJ., concur.